[No. 20243.    Department Two. — October 6, 1886.]
Ex parte A. L. THOMAS, on Habeas Corpus.

Constitutional Law — Interstate Commerce — Peddler's License — Municipal Ordinance Imposing. — An ordinance of a board of supervisors which imposes a license tax upon every traveling merchant, hawker, or peddler who vends goods, wares, or merchandise of any kind, other than the manufactures or productions of this state, without requiring a license for vending the manufactures or productions of this state, is in conflict with the constitution of the United States, in that it is an attempt to regulate commerce between the states.

Application for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*A. E. Bolton*, for Petitioner.

The ordinance is unconstitutional. (*Brown* v. *Maryland*, 12 Wheat. 439; *Welton* v. *Missouri*, 91 U. S. 281; *Almy* v. *California*, 24 How. 172; *Webber* v. *Virginia*, 103 U. S. 344; *Gibbons* v. *Ogden*, 9 Wheat. 194.)

*S. P. Hall*, for Respondent.

The Court. — This case involves the constitutionality of section 14 of an ordinance passed by the board of supervisors of Alameda County. The section referred to is in these words: —

"Every traveling merchant, hawker, or peddler who vends goods, wares, or merchandise of any kind, other than the manufactures or productions of this state, or butchers' meat, must pay a license tax of ten dollars per month, unless he uses a wagon, or one or more animals, for the purpose of vending such goods, wares, or merchandise, in which case he must pay a license tax of fifteen dollars per month."

No license is required for vending goods, wares, or merchandise which are the manufacture or product of this state, except butchers' meat.

The applicant for this writ was convicted of a viola-

tion of this ordinance in selling sewing-machines manufactured in another state.

It is contended that this ordinance is in violation of the federal constitution, in that it is a regulation of commerce, control over which is by the supreme law of the land vested in Congress.

The identical question here presented was passed on by the Supreme Court of the United States in *Welton* v. *Missouri,* 91 U. S. 275, and in *Webber* v. *Virginia,* 103 U. S. 344. The statutes considered in the cases cited were of the same character as the ordinance in question herein, and they were held to be unconstitutional.   (See also *Brown* v. *Maryland,* 12 Wheat. 425; *Woodruff* v. *Parham,* 8 Wall. 123; *State Freight Tax,* 15 Wall. 232; *Mobile* v. *Kimball,* 102 U. S. 691.)

In accordance with the judgments in the cases above cited, we are bound to hold that the ordinance before us is unconstitutional and void.

The prisoner must be discharged from custody.

So ordered.