THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* SAMUEL K. Hawkins, Respondent.

*" Convict made" goods — chapter* 698 *of* 1894 *unconstitutional.*

Chapter 698 of the Laws of 1894, which provides that no person shall have in his possession for the purpose of sale or offering for sale any convict-made goods, wares or merchandise manufactured in any State (other than the State of New York) without the brand, mark or label "convict made," followed by the year and name of the penitentiary, prison, reformatory or other establishment in which it was made, is in violation of that provision of the Federal Constitution which places the control of interstate commerce in the hands of Congress alone, in that it is a discrimination against the products or the industries of other States in favor of those of the State of New York.

APPEAL by the plaintiff, The People of the State of New York, from an interlocutory judgment of the Supreme Court in favor of the defendant, rendered at the Delaware Oyer and Terminer and entered in the office of the clerk of the county of Delaware on the 30th day of October, 1894, upon the decision of the court sustaining the demurrer of the defendant to the indictment.

*William F. White,* for the appellant.

*Frederick Collin,* for the respondent.

MARTIN, J. :

Chapter 698 of the Laws of 1894 provides : " Section 1. All goods, wares and merchandise made by convict labor in any penitentiary, prison, reformatory or other establishment in which convict labor is employed in any State, except the State of New York, and imported, brought or introduced into the State of New York, shall before being exposed for sale be branded, labeled or marked as hereinafter provided, and shall not be exposed for sale in any place within this State without such brand, label or mark."

Then follows section 2 which, in effect, provides that the brand, label or mark required shall contain the words " convict made," followed by the year and name of the penitentiary, prison, reformatory or other establishment in which it was made, in plain English lettering, and that the same shall be placed upon each article, where it will permit, and if impossible shall be in the form of a tag, and

attached to each article where it will permit, and upon the outside of and in the most conspicuous part of the finished article, its box, crate or covering.

Section 5 of that act amends section 384b of the Penal Code, so as to provide: " A person having in his possession for the purpose of sale, or offering for sale, any convict-made goods, wares or merchandise, manufactured in any other State, without the brand, mark or label required by law, or who removes or defaces such brand, mark or label, is guilty of a misdemeanor, punishable by a fine not exceeding ten hundred dollars nor less than one hundred dollars, or imprisonment for a term not exceeding one year nor less than ten days, or both."

The defendant was indicted for a violation of this statute, in having in his possession for sale, and offering for sale, shoe brushes manufactured by convict labor at Cleveland, Ohio, which were not branded, labeled or marked as required by the foregoing statute. To this indictment the defendant demurred upon the ground that the facts stated in the indictment were not sufficient to constitute a crime. This demurrer was allowed by the court, and judgment allowing it was duly entered in Delaware county.

It is not claimed by the respondent that the indictment in this case was in any respect defective or insufficient if the law under which it was found was valid. The only ground upon which the defendant contends that the indictment was defective, or upon which he seeks to uphold the judgment herein, is that the statute under which it was found was unconstitutional and void. Hence, the constitutionality of this statute is the only question upon this appeal.

It was held by the learned trial judge in the court below that the statute was unconstitutional, because it operated upon property owned at the time it took effect, as well as property thereafter acquired, and thus constituted an unlawful interference with vested rights, and upon the further ground that the statute in question makes such a discrimination between goods manufactured in foreign States and those manufactured in this State as to make it repugnant to the provision of the Federal Constitution, which places the control of interstate commerce in the hands of Congress alone.

We do not deem it necessary to discuss or decide the question

whether this statute was void, because it operated upon property owned when it took effect, nor whether it is void as being in contravention of any of the provisions of the Constitution of the State.

By the Federal Constitution the power to regulate commerce among the several States is vested in Congress. It seems to be well settled that, under this provision of the Federal Constitution, no State has the power to enact any law which discriminates against the products or industries of other States in favor of those of its own, but that every person has the same right to dispose of goods manufactured in another State, as he would if manufactured in the State where they were owned or sold, and that any local legislation which, in terms, or by its necessary operation denies or interferes with that equality when applied to the products of another State, is a burden upon commerce among the States, and, consequently, unconstitutional and void. (*Ward* v. *Maryland*, 12 Wall. [79 U. S.] 418; *Welton* v. *State of Missouri*, 91 U. S. 275; *Guy* v. *Baltimore*, 100 id. 434; *Webber* v. *Virginia*, 103 id. 344; *Brimmer* v. *Rebman*, 138 id. 78; *Voight* v. *Wright*, 141 id. 62; *People ex rel. P. R. R. Co.* v. *Wemple*, 138 N. Y. 1; *Ex parte Thomas*, 71 Cal. 204; *Georgia Packing Co.* v. *Mayor, etc., of Macon*, 60 Fed. Rep. 774.)

That the purpose and effect of the statute under which the respondent was indicted was to discriminate between convict-made goods manufactured in another State and the same class of goods manufactured in this State is manifest, and we are, therefore, of the opinion that the statute under consideration falls within the provision of the Federal Constitution which confers upon Congress the power to regulate commerce among the several States. As was said in the *Welton* case: "The fact that Congress has not seen fit to prescribe any specific rules to govern interstate commerce does not affect the question. Its inaction on this subject, when considered with reference to its legislation with respect to foreign commerce, is equivalent to a declaration that interstate commerce shall be free and untrammeled." Commerce among the States cannot be said to be free when a commodity is, by reason of its foreign manufacture, subjected by a State Legislature to discriminating regulations or burdens. The main object of commerce between the States being the sale and exchange of commodities, the policy that

interstate commerce should be free and untrammeled would be defeated by discriminating legislation like that of the act in question.

In view of the authorities cited, further discussion of this question seems unnecessary. We are of the opinion that they fully sustain the result reached by the court below, and that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Interlocutory judgment allowing the defendant's demurrer affirmed, and after such judgment of affirmance is entered in the judgment book, a certified copy of such entry shall be forthwith remitted to the clerk of Delaware county, with whom the original judgment roll is filed, in accordance with the provisions of section 547 of the Code of Criminal Procedure.