BROWN *v.* JUDGE OF SUPERIOR COURT OF GRAND RAPIDS.

1. Constitutional Law—Equal Protection of Law—Licensing Transient Merchants—Exceptions.

   Act No. 214, Pub. Acts 1905, providing for licensing transient merchants, and providing that the council of any city or village may suspend its operation in any particular case, violates section 32 of article 6 of the Constitution of Michigan and section 1 of the 14th Amendment of the Constitution of the United States guaranteeing equal protection of the laws.

2. Same—Statutes — Partial Invalidity — Construction—Disregarding Invalid Portion.

   The invalid proviso cannot be eliminated by the court and the remainder of the act permitted to stand, since it cannot be said that the legislature would have passed the act without the proviso.

Mandamus by William B. Brown, prosecuting attorney of Kent county, to compel William J. Stuart, judge of the superior court of Grand Rapids, to reinstate a prosecution for the violation of Act No. 214, Pub. Acts 1905. Submitted June 26, 1906.   (Calendar No. 21,784.)   Writ denied July 23, 1906.

*Ward & Brown*, for relator.

*Knappen, Kleinhans & Knappen*, for respondent.

MOORE, J.   This is a petition for mandamus, brought by the prosecuting attorney of Kent county, to compel the respondent to reinstate a prosecution under Act No. 214, Pub. Acts 1905.

Y. Matsuhara and Frank K. Ellis were arrested under this act upon information filed by relator, and upon motion to quash were discharged by respondent on the ground that the statute in question is illegal and unconstitutional in several particulars.   The act in question is entitled:

"An act to provide for licensing and regulating the business of transient merchants, to prevent the fraudulent sale of goods by such transient merchants, to provide a lien on the goods of such transient merchants for the license fees prescribed by this act, and to provide penalties for the violation thereof."

In section 1, the act attempts to define a transient merchant as follows:

"A transient merchant, within the meaning of this act, is any person or corporation who shall engage in, do or transact any temporary or transient business in any township, city or village in this State, in the sale of goods, wares, and merchandise, and who, for the purpose of carrying on such business, shall hire, lease, or occupy any building or room, including rooms in hotels, for the exhibition and sale of such goods, wares, and merchandise."

In section 2 the license fees are fixed according to the size of the different classes of municipalities, that for the class including Grand Rapids being fixed at $20 per day for the first 10 days and $10 per day thereafter. Appended to section 1 is the following proviso:

"*Provided*, That any city or village council may, by a two-thirds vote of all the members elect, suspend the provisions of this act in any specific instance or case."

It is claimed this act is illegal and unconstitutional for the following reasons:

1. The title to the act is not broad enough, and hence violates section 20 of article 4 of the Constitution of the State.

2. The license fees fixed by the act are unreasonable and prohibitive, and therefore violates section 32 of article 6 of the Constitution of the State of Michigan.

3. The law provides for discrimination and is unequal in its application to members of the same class, and therefore violates section 32 of article 6 of the Constitution of the State of Michigan, and section 1 of article 14 of the Amendments to the Constitution of the United States.

In our view of the case, it will not be necessary to consider all of these objections to the act, as we think the third reason stated is conclusive. The provision for the

payment of the license if read in connection with the proviso which gives the municipality authority to relieve favored individuals from its payment is a violation of that provision of the Fourteenth Amendment of the United States Constitution reading:

"Nor [shall any State] deny to any person within its jurisdiction the equal protection of its laws."

See *Gulf, etc., R. Co.* v. *Ellis,* 165 U. S. 150; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *State* v. *Conlon,* 65 Conn. 478 (31 L. R. A. 55).

The only answer relator makes to this objection is that—

"The proviso is no essential part of the act.   *   *   * That a little judicial surgery applied by this court to said proviso, whereby the same shall be removed, will be a wholesome and proper thing to do."

We cannot accept that argument. We cannot say that without the proviso the law ever would have been enacted.

The application for the writ is denied.

CARPENTER, C. J., and McALVAY, GRANT, and BLAIR, JJ., concurred.