No. 23,204

*In re* Claim for Compensation, etc. (JOE VIETTI et al., *Appellees*, V. THE GEORGE K. MACKIE FUEL COMPANY, *Appellant.*)

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Construction of Statute.* Where obviously necessary to carry out the manifest intention of the legislature, the word "and" may be construed to mean "or," or conversely, but as used in the provision of the workmen's compensation act, "that if the workman does not leave any dependent citizens of and residing at the time of the accident and injury in the United States or the Dominion of Canada, the amount of compensation shall not exceed in any case the sum of seven hundred fifty dollars," "and" may not be construed as the disjunctive "or."

2. SAME—*Right of Alien Dependents to Compensation—Limitation of Liability—International Treaty.* In an action for compensation by the dependents of a workman, who were unnaturalized natives of Italy, but residents of Kansas, it was contended that the quoted statute providing that the compensation to be awarded to noncitizens resident in this country shall be for a less amount than shall be given to citizens of this country, it is held that the statute is repugnant to the letter and obvious intent of the treaty between the United States and Italy entered into in 1913, and the limitation is therefore not enforceable.

3. SAME—*Provision Limiting Liability to Alien Dependents Unconstitutional.* The statutory provision in question is also in conflict with that clause of the fourteenth amendment to the Federal constitution which provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed May 7, 1921. Affirmed.

*C. A. McNeill,* of Columbus, for the appellant.

*A. L. Majors,* of Columbus, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: While Victor Vietti was mining coal for the George K. Mackie Fuel Company, a rock fell from the roof of the mine upon him, which resulted in instant death. At the time of his death he was eighteen years old and had been living with and helping to support his parents. They demanded compensation under the workmen's compensation act and were

awarded the sum of $3,435.12. The only complaint made is as to the amount of the award.

The plaintiffs, dependents of the deceased, are aliens, natives of Italy, who had resided in this country for about twenty-five years. About sixteen years ago the father of deceased took out his first papers, and since that time he has exercised the privileges of a voter but final papers were never applied for or issued to him. Both say that they have no intention of returning to Italy, but do intend to be loyal citizens of this country. The contention of the defendant is that under our compensation act an alien dependent of a deceased workman is limited in the compensation that may be demanded and can recover no more than $750. The pertinent provision of the act under which defendant makes the contention is:

". . . and provided however, that if the workman does not leave any dependents citizens of and residing at the time of the accident and injury in the United States or the Dominion of Canada, the amount of compensation shall not exceed in any case the sum of seven hundred fifty dollars." (Laws 1917, ch. 226, § 3.)

It appears to have been held by the trial court that this provision did not bar a full recovery by plaintiffs, because, although aliens, they were residents of this country at the time of the accident. This result was reached by the substitution of the word "or" for "and" in the provision interpreting it so as to take a resident, although an alien, out of the limitation. We think it is not open to that interpretation. Sometimes the word "and" in a statute may be construed as "or" but the substitution is not permissible unless the manifest intention of the legislature requires it. Nothing in the context of the act nor in the reason or spirit of it appears to warrant such robust treatment. The legislature was prescribing limitations on the recovery of compensation by dependents of the workmen, and made a clear discrimination on grounds of nationality and residence. The word "and" as used expresses the idea of addition and evidences a purpose that only citizens who are residents of this country or Canada can recover full compensation. The word was evidently used in a cumulative sense rather than disjunctively and we find nothing in the act that requires the substitution of one word for the other. No more reason is seen for substituting "or" for "and" than there would be in the

·Vietti ⱽ. Fuel Co.

familiar provision fixing the penalty of fine and imprisonment for certain offenses.

However, there is another and more serious objection to applying the limitation of the statute to the plaintiffs. The treaty between the United States and Italy contains a provision that:

"The citizens of each of the High Contracting Parties shall receive in the States and Territories of the other the most constant security and protection for their persons and property and for their rights, including that form of protection granted by any State or national law which establishes a civil responsibility for injuries or for death caused by negligence or fault and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationality of said relatives or heirs; and shall enjoy in this respect the same rights and privileges as are or shall be granted to nationals, provided that they submit themselves to the conditions imposed on the latter." (38 U. S. Stat. 1670.)

The treaty is not only binding on the contracting parties but must be regarded as a part of our own law effective and binding upon legislatures and courts. The Federal constitution in the second clause of article six provides:

"This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any State to the Contrary notwithstanding."

If there is a conflict between the treaty and the statutory provision in question, the treaty must control and the statute give way during the existence of the treaty. It will be observed that the treaty plainly purports to place citizens of the two nations upon an equality in respect to their persons and property rights where citizens of one country are domiciled in the other, and there is also a stipulation that the relatives and heirs of an injured party shall be given a right of action which shall not be restricted on account of the nationality of such relatives or heirs; and there is the further added condition that aliens who submit themselves to the conditions imposed on nationals, shall enjoy the same rights and privileges as nationals. Under these provisions the citizens of Italy who may be in this country and who are not enemies of the country are entitled to the same rights and privileges in respect to their

persons and property as are enjoyed by our own citizens. One of the rights enjoyed by our citizens is the recovery of compensation for injury sustained while engaged in certain hazardous employments. It has been suggested that as specific mention is made in the treaty in regard to civil responsibility for injuries resulting in death caused by neglect or fault, a recovery of compensation where negligence or fault is not an element is necessarily excluded. It will be noted that this form of protection is only one of the rights for which provision was made. The protection guaranteed is equality and reciprocity of rights including the one specifically mentioned and the emphasis placed on one does not exclude others plainly provided for in the treaty. The provisions of a treaty are to be given reasonable interpretation, one that will effectuate the obvious purpose of the contracting powers, and if it were deemed to be open to construction, one which would restrict rights that might be claimed under it and the other favorable to them, the latter is to be preferred. (*Hauenstein v. Lynham,* 100 U. S. 483-487; *Geofroy v. Riggs,* 133 U. S. 258-271.) The remedy giving compensation to an injured employee is a substitution for the common-law remedy for damages and when the employer and employee have elected to come under the act, a claim for compensation is the exclusive remedy afforded. (*McRoberts v. Zinc Co.,* 93 Kan. 364, 144 Pac. 247.) Here the employer and the deceased employee had been brought within the provisions of the act and the only right the plaintiffs had by reason of dependency upon their deceased son was that given by the act. This right we think is clearly one of those provided for in the treaty and under it plaintiffs were entitled to be placed upon an equality with our own citizens as to the amount recoverable as compensation. The limitations of the statute being against both the letter and the spirit of the treaty, it must be held to be nugatory as against the plaintiffs.

It may be added that the statutory limitation is also in contravention of the fourteenth amendment of the Federal constitution which provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." Aliens lawfully resident in the state are within the protection of this clause. The plaintiffs were lawful inhabitants of Kansas, and therefore had a right to invoke the protection of the

amendment. The equality clauses of the amendment, it has been determined, "are universal in their application to all persons within the territorial jurisdiction without regard to any difference of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal laws." (*Yick Wo v. Hopkins,* 118 U. S. 356, 369.) In the late case of *Truax v. Raich,* 239 U. S. 33, the court had under consideration a statute of Arizona requiring employers of five or more workers to employ not less than 80 per cent qualified electors or native-born citizens of the United States, and imposing penalties upon employers for a violation of the act and also penalties against employees who should make any false statements as to their nativity or citizenship. The validity of the statute was challenged by a native of Austria, who was an inhabitant of the state, but not an elector. It was held that he was entitled to invoke the equality clause of the constitution and further, that the statute was a violation of the fourteenth amendment and could not be justified as an exercise of the power of the state to make reasonable regulations for the promotion of the health, safety, morals and welfare of those within its jurisdiction. (See, also, *Wong Wing v. United States,* 163 U. S. 228; *United States v. Wong Kim Ark,* 169 U. S. 649.) Following these authorities it must be held that the statutory limitation in question cannot be applied as against the plaintiffs.

The judgment is affirmed.