## CHARLESTON.

B. F. BYRD, ADMR., v. SABINE COLLIERIES CORPORATION.

Submitted November 16, 1922.   Decided November 21, 1922.

1.   MASTER AND SERVANT—*Declaration Showing Employer Within Compensation Act Demurrable.*

A declaration in a case seeking a recovery for personal injuries to an employe, which shows that the employer comes within the terms of the Workmen's Compensation Act, and does not allege facts which take the particular case without the terms of that Act, or that the employer has not complied with the terms of the Act by electing to take advantage of the same, and paying into the fund as provided by law, is bad on demurrer.   (p. 346).

2.   SAME—*Minor Within Compensation Act, Though His Employment Forbidden by Parent.*

The provision of the Workmen's Compensation Act, excluding from its operation persons prohibited by law from being employed, means such persons as are by statute prohibited from being employed in a particular kind of service, and cannot be extended to include the minor son of one who has forbidden his employment in a particular capacity, when by the law of the land his employment in such capacity is not prohibited.   (p. 349).

Error to Circuit Court, Wyoming County.

Action by B. F. Byrd, administrator, against the Sabine Collieries Corporation.   Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Wirt Dunlap, Grover C. Worrell* and *J. Albert Toler,* for plaintiff in error.

*Ashton File* and *W. W. Goldsmith,* for defendant in error.

RITZ, JUDGE:

The plaintiff instituted this suit to recover damages because of the death of his decedent while employed in the defendant company's mine. A verdict was rendered by the jury in favor of the defendant, upon which the judgment of *nil capiat* complained of was entered.

It appears that plaintiff's decedent, a boy sixteen years, four months and twenty-three days old, was employed by the defendant in its mine. The plaintiff, his father and administrator, was also at the same time in the employ of the defendant. On the day upon which the injury occurred the boy was employed about the defendant's tipple, but a short time before noon of that day he was taken by the defendant's superintendent and placed in the mine as a brakeman on a trip of cars. While he was thus employed one of the cars became derailed, and he was caught between the derailed car and the side of the entry, and so crushed that he died in a few days thereafter. The plaintiff brings this suit as administrator of his deceased son to recover damages for his death, and the basis thereof is that the boy was employed in the defendant's mine over the protest of his father, and in defiance of the father's direction not to employ the boy on the inside of the mine. The declaration alleges that the boy was employed on the inside of the defendant company's mine as a brakeman, notwithstanding his father had forbidden the defendant to so employ him. There is no allegation in the declaration that the defendant company had not elected to comply with the terms of the Workmen's Compensation Act so as to be entitled to the protection afforded employers by the terms of that Act. The defendant pleaded that it had complied with the terms of the Workmen's Compensation Act; that it had paid into the compensation fund the amounts provided by law to be paid, and that it was not further liable to the plaintiff on account of the injury and subsequent death

of his son.  It will thus be seen that the only question presented for decision is, whether or not the defendant company is protected by the provisions of the Workmen's Compensation Act as to the employment of this particular boy?

The defendant demurred to the plaintiff's declaration, and insists that its demurrer should have been sustained upon the ground that said declaration, while showing that the defendant is an employer coming within the purview of the Act, does not allege that it had not complied with its provisions. The plaintiff contends, however, that the demurrer to the declaration was properly overruled, and that he is not barred from recovery because of the provisions of the Workmen's Compensation Law, for the reason that the employment of the boy under the circumstances was in violation of law.

It is stipulated that the defendant has complied with all of the provisions of the Workmen's Compensation Act, and has paid into that fund the amounts required to be paid by it. There is likewise no contention as to the age of the plaintiff's decedent.  The defendant was not, because thereof, prohibited from employing him in the mine, and the plaintiff does not contend that such is the case, but he does contend that the fact that he prohibited the employment of the boy in the mine makes his employment thereafter such a one as is prohibited by law within the meaning of the proviso contained in § 9 of ch. 15P of the Code.  Of course, if he is right about this, then the declaration is not bad for failing to aver that the defendant had not complied with the provisions of the Workmen's Compensation Act, for it would in that event allege a case not within the provisions of that Act. If, on the other hand, his contention in this regard be not sustained, then the declaration is bad for failing to make such an allegation, for, under the decision of this Court in the case of *Louis* v. *Construction Company*, 80 W. Va. 159, where it appears from the averments of the declaration that the defendant is such an employer as comes within the provisions of the Act, the declaration must contain an averment that he has not complied with its terms, or make a case taking it without the protection afforded by the Act.  What was meant by the proviso contained in § 9 of the Workmen's Compensa-

tion Act, where it says that the Act shall not apply to persons prohibited by law from being employed? The broad purpose of the Workmen's Compensation Act was to afford relief to those engaged in particular lines of industry when they suffered injury by reason of their employment therein, and to charge the obligation thus created upon the industry as a whole, and not upon the one particular establishment in which such injured employe might have been working at the time. The Legislature, however, recognized that to extend such protection in all cases would work manifest hardship upon some classes of employers, and would relieve other classes of a burden which they alone should bear. Many statutes were in existence at that time forbidding the employment of certain classes in certain employments, and the justice of requiring the individual employer who violates any of those prohibitive statutes, by the employment of a party which the law does not allow to be employed, to bear the full burden which may be imposed because of the injury of such an employe, is manifest. It is quite true, as contended by the plaintiff, that the parent is entitled to control his minor children, but after this boy reached the age of sixteen years there was no law which forbade the defendant to employ him in its mine. His father might forbid his employment therein, and in case he was employed notwithstanding such prohibition, the father could withdraw him from the employment, and it may be that he could make the employer liable to him for the services of the boy while so employed, but has this anything to do with the question whether or not the plaintiff in this case can recover in the right of the boy for his injury and death? This suit is brought not in the right of the parent for wages or services, but it is brought in the right of the boy himself by his administrator. As before stated, there is no law forbidding the employment of this boy under the circumstances in this case, and it cannot be said that the fact that his father prohibited his employment is equivalent to a prohibition by law. We are clearly of the opinion that the proviso in the act above referred to applies to those cases where there is a positive statute prohibiting the employment of certain classes in certain employments, and does not ex-

tend to those cases where the employment is perfectly lawful, even though it may be forbidden by a parent having the authority to control his minor child.

The plaintiff cites and relies upon certain cases in which it is held that the parent may recover for loss of services of his minor child killed in the employment of another, and particularly the case of *Taylor* v. *Railway Co.*, 41 W. Va. 704. Whether the recovery allowed in that case is upon the broad ground asserted by the plaintiff in his brief, we need not inquire.   Plaintiff insists that the holding in that case is that the parent may recover for the loss of contemplated services of the minor child after his death, and until he would have become twenty-one years of age.   While the opinion is not very full, we do not believe it fairly justifies this conclusion. There the boy was injured and lived some little time after the injury, and a recovery of three hundred and fifty dollars was sustained in favor of the parent for the loss of his services. It is not quite clear from the opinion whether this recovery was for the services between the date of his injury and the date of his death or not, but the amount of the recovery certainly justifies this conclusion, and the fact that the opinion adverts to the failure to assign the excessiveness of the recovery as ground for reversal would indicate that this was the basis thereof.   The question does not arise in this case, but it may be seriously doubted whether a parent can recover for loss of services which he might expect to receive from his son from the date of his death until he would have become twenty-one years of age.   *Stevenson* v. *Ritter Lumber Co.*, 108 Va. 575.   What we have said, however, upon this branch of the question is simply in answer to the argument in the plaintiff's brief, and is by way of admonition rather than decision, for the reason that that question could only arise in a suit brought by the parent in his own right.

It follows from what we have said that the judgment complained of will be affirmed.

*Affirmed.*