# CHARLESTON.

E. H. GUNNOE *v.* GLOGORA COAL Co.

Submitted April 17, 1923.    Decided April 24, 1923.

1.  MASTER AND SERVANT—*Declaration Must Allege Facts Taking Case Without Terms of Compensation Act.*

    A declaration in case for damages resulting from personal injury which shows by its allegations that the relation of master and servant existed between plaintiff and defendant at the time of the injury, and that defendant was an "employer" as defined in the workman's compensation act is demurrable if it does not allege facts which take the case with-

out the terms of that act; or aver that defendant has not complied with the act by electing to come within its terms and contribute to the fund. (p. 642).

2. SAME—*Miner Working in Insufficiently Ventilated Place Held an "Employee," Within Compensation Act, and not One Prohibited by Law From Being Employed.*

The provision of the workmen's compensation act found in section 9 thereof which defines who are employers and employees subject to the act, and which provides that the act shall not apply to "employers of employees in domestic or agricultural service, persons prohibited by law from being employed, traveling salesmen, &c.," cannot be extended so as to exclude from the protection of the act a workman injured while employed in a coal mine, and who has been permitted by the operator, agent or mine foreman to work at a place in the mine where there is not maintained at least one hundred cubic feet of air per minute.(p. 642).

3. SAME—*Employment of Miner in Insufficiently Ventilated Place Held not Unlawful, Precluding Compensation for Injury; "Persons Prohibited from Being Employed.*

The fact that a mine owner, his agent or mine foreman permits persons to work at a place in the mine where there is not furnished at least one hundred cubic feet of air per minute and for which severe penalties may be inflicted upon the operator, agent or mine foreman for so doing, as provided in sec. 15, chap. 15H, Code, does not place the persons so working in the class of persons prohibited from being employed within the intent and meaning of sec. 9 of the workmen's compensation act, and does not make the employment unlawful so as to exclude them from compensation from the workmen's compensation fund in case of injury resulting from and in the course of their employment. (p. 642).

Case Certified from Circuit Court, Raleigh County.

Action by E. H. Gunnoe against the Glogora Coal Company. The court overruled plaintiff's demurrer to the special pleas of defendant, and denied his motion to squash and strike them from the record. On certified questions. Ruling in overruling.

*Demurrer reversed.*

*J. W. Maxwell*, for plaintiff.

*D. D. Ashworth, Ashton File* and *W. W. Goldsmith* for defendant.

LIVELY, JUDGE:

The two questions certified relate, (1) to the action of the lower court in overruling defendant's demurrer to plaintiff's declaration, and (2) permitting defendant to file two special pleas.

The declaration contains three counts, in the first of which common law negligence resulting in the injury of plaintiff is charged, and there is no allegation that defendant had not at the time of the accident complied with the workmen's compensation law. Plaintiff, in the lower court, and here, admits that the count is not sufficient, for that reason. The other two counts in effect charge that defendant, on the 14th of March, 1921, was the owner and operator of a drift coal mine in Raleigh county, and was mining coal therefrom; that in the conduct of its business it employed a large number of men including plaintiff; that it failed to employ a competent mine foreman, and in consequence thereof the mine was operated in an unlawful and incompetent manner, and that defendant permitted the air course in the mine to become blocked with coal and debris which interfered with the ventilation so that it did not afford one hundred cubic feet of air per minute for each person therein employed, as provided for by the mining law, and by reason thereof gas accumulated in the mine and exploded, whereby the plaintiff was injured while in discharge of his duty of mining at the face of the coal in the obstructed air course; that defendant unlawfully employed and permitted plaintiff to work while the air course was obstructed by coal so that it did not afford one hundred cubic feet of air per minute for each person employed therein; and by reason of its failure to employ a competent mine foreman, and by reason of its negligence in allowing the air course to become obstructed by coal and the consequent accumulation of explosive gases, the explosion occurred, resulting in the injury to the plaintiff, for which he sues.

Defendant demurred to the declaration and each count thereof, which demurrer was overruled, whereupon defendant entered its plea of the general issue and tendered two

special pleas numbered special plea 1, and special plea 2, which pleas were permitted to be filed over plaintiff's objection; plaintiff demurred to the special pleas and moved to quash them and strike them from the record, which demurrer was overruled and the motion to quash and strike was denied; thereupon the court, upon joint application, certified to this court the following questions:

1. Does the declaration state a cause of action under the law?

2. Are the facts set up in defendant's special pleas numbered 1 and 2 or either of them sufficient in law to present a defense to the cause of action stated in the declaration, if any cause of action be therein stated?

Special plea No. 1 says that at the time of the alleged injury defendant was an employer within the provisions of the workmen's compensation act and had at that time become a subscriber and had elected to pay into the workmen's compensation fund the money required of it by law and had given the proper notice thereof to all its employees and had in all respects fully complied with the workmen's compensation act and was entitled to the protection thereof. Special plea No. 2 reiterates the facts stated in special plea No. 1, and in addition thereto says that plaintiff, prior to the institution of the suit, had applied for and received compensation out of the workmen's compensation fund for the alleged injury.

Plaintiff insists that the second and third counts of his declaration are good and state cause of action without alleging therein that defendant, although an employer within the meaning of the workmen's compensation act, had failed to become a subscriber to that fund, because, he says, that he was not an employee within the meaning of that act, being in the class of persons prohibited from being employed by section 9 thereof, which defines employers and employees subject to that act. The contention is that he was employed and permitted to work in a place in defendant's mine where it was unable to maintain at least one hundred cubic feet of air per minute, and therefore he was included within the class of persons prohibited by law from being employed. Sec-

tion 9 of the workmen's compensation act defines employees as follows: "All persons in the service of employers as herein defined and employed by them for the purpose of carrying on the industry, business or work in which they are engaged, and check weighmen as provided for in chapter 20, acts, 1911, are employees within the meaning of this act and subject to its provisions, provided that the act shall not apply to employers of employees in domestic or agricultural service, *persons prohibited by law from being employed,* traveling salesmen, to employees of any employer while employed without the state; nor shall a member of a firm of employers, or any officer of an association, or of a corporation employer, including managers, superintendents, assistant managers and assistant superintendents, any elective official of the state, county or municipal corporation be deemed an employee within the meaning of this act." Plaintiff says that he falls within the class of persons "prohibited by law from being employed," and therefore not an employee within the meaning of the compensation act, and not entitled to its protection, and that defendant is not entitled to its protection so far as he is concerned, because under section 15, chapter 15H of the mining laws of the state it is provided that "no operator, agent or mine foreman, shall permit any persons to work where they are unable to maintain at least one hundred cubic feet of air per minute; but this shall not be construed to prohibit the operator from employing men to make the place of employment safe and to comply with this requirement." To support this contention we are cited to our cases of *Morrison* v. *Coal Co.,* 88 W. Va. 163; *Mangus* v. *Coal Co.,* 87 W. Va. 718; *Norman* v. *Coal Co.,* 68 W. Va. 405; *Blankenship* v. *Coal Co.,* 69 W. Va. 74; also to *Stetz* v. *Boot & Shoe Co.,* Ann Cas. 1918B 675; *Acklen Stamping Co.,* v. *Kutz,* 14 A. L. R. 812; *Wolff* v. *Cotton Mills,* 173 N. Y. Sup. 75; *Hetzel* v. *Ring Co.* (N. J.) 98 Atl. 306. All of these cases were where infants under the age of employment had been injured; and where an infant under the employment age is employed in an industry or business coming within the workmen's compensation act, the employer is not protected by that act although he may be a subscriber thereto, if an injury occurs to the

infant. Neither is the infant entitled to compensation from the fund. Clearly, an infant under the age of employment in a particular industry falls within the class of persons prohibited by law from being employed. The employment in a coal mine of a minor under the age fixed by the statute making it unlawful to employ such minor makes out a case of prima facie negligence on the part of the employer when there is a subsequent injury to the minor resulting from and in the course of the employment. *Bobbs* v. *Press Co.*, 89 W. Va. 206. It may be conceded that where a person is prohibited from being employed the workmen's compensation act does not protect the employer from an injury resulting to that person while in the employment. The cases above cited throw little light upon the question whether plaintiff is within the class of persons prohibited by law from being employed in any industry. To sustain plaintiff's proposition that he is within the class of persons prohibited by law from being employed we are also cited to *Cincinnati H. & D. R. Co.* v. *VanHorne*, 69 Fed. 139; *Narramore* v. *Cleveland C. C. & St. L. Ry. Co.*, 96 Fed. 298; and *Kemp* v. *Lewis*, 3 K. B. (Eng.) 548. In *Cincinnati* v. *VanHorne*, cited, plaintiff was injured by catching his foot in a guard rail. The state statute made it obligatory upon the railroad company to block its guard rails so as to prevent the feet of its employees from being caught therein. The defense was that a block which would have prevented the injury would have been inconsistent with the safe running of the trains, and so could not be required. It was held that evidence that after the accident a sufficient block was in fact placed in the guard rail without endangering the trains, was admissible to show that such block could be used with safety. We see little application of this case to the questions here certified. In *Narramore* v. *Cleveland*, cited, the same cause of action arose under the same statute as that in the last cited case. The employee was injured by a guard rail which had been unprotected by proper blocks, and the sole question was whether the statute requiring the railroad company, under penalty of fine, to block its guard rails and frogs, changed the rule of liability

of defendant, and relieved the plaintiff from the effect of the assumption of risk which otherwise would be implied against him. The court held that failure on the part of the railroad company to comply with the statute was negligence *per se*. This case has little application to the question before us. In *Kemp* v. *Lewis,* cited, a quarryman was accustomed to assist a farmer in getting in his crops during hay harvest, receiving no money therefor but sometimes the farmer gave him beer and sometimes a supper when the work was over. While bringing in a load of hay he fell from the top of the load and was injured and thereby incapacitated for work. He applied for compensation from the workmen's fund, and was denied on the ground that it was not a contract of employment; he was not an employee.

It is apparent that defendant is an employer within the definition given of such in the workmen's compensation act. The allegations of the declaration bring it within that act. "All corporations * * * * regularly employing other persons for the purpose of carrying on any form of industry or business in this state * * * * are employers within the meaning of this act, and subject to its provisions." The question before us and which is controlling is whether plaintiff is an employee within the definition of such in that act. There can be no question that he is unless he is within that class of persons designated as "persons prohibited by law from being employed." If plaintiff is not within that class then his declaration is demurrable because it does not aver that the defendant has not complied with the terms of the act by electing to take advantage thereof and paying into the fund as provided by law, and does not allege facts which take his case without the terms of that act. *Louis* v. *Construction Co.,* 80 W. Va. 159; 92 S. E. 249.

We cannot see that that part of section 15H of the Code, which provides that "No operator, agent or mine foreman shall permit any persons to work where they are unable to maintain at least one hundred cubic feet of air per minute," places plaintiff within the class of persons prohibited by law from being employed as contemplated by the compensation act. It is a prohibition to the owner or operator of

a mine, the violation of which subjects him to a penalty of not less than $50 nor more than $500, or imprisonment in the county jail, in the discretion of the court. It was designed for the safety of the employees, just as a requirement that a manufacturing concern should place safety guards for the protection of its employees who operate dangerous and complicated machinery. It is similar in its design to the Ohio statute above referred to which requires railroad companies to protect their guard rails by boxes to prevent injury to their workmen. It was to make the mine owner provide a safe place for the servant to work; to give him sufficient air while in the mine. The legislature has impliedly said that it is not safe for miners to work in a mine or any part thereof where there is not at least one hundred cubic feet of air per minute; and where more than sixty persons are permitted to work in the same air current. Should we hold that whenever the rooms or passages in a mine where the miners are at work do not receive this number of cubic feet per minute from any cause; whether by a breakage of the machinery which operates the fan or an unforseen obstruction of the air passage, it would render the employment of the miners therein unlawful, place them in the class of persons prohibited by law from being employed, then we would remove them from the protection of that fund if an injury to them occurred; and if the employer, by reason of insolvency or any other cause, was not able to respond in damages to those who might be injured, and to their dependents, we would emasculate the beneficent purposes of the compensation act. If the miners, under such circumstances, were not employees within the meaning of the act, then they could not participate in compensation for injuries. Under such holding if perchance a miner left a well ventilated room and entered another part of the mine which was not ventilated he would or would not be an employee according to the part of the mine in which he worked. The clause in the mining law relied upon does not prohibit the miner from being employed, and it cannot be said that he is within the prohibited class contemplated by the workmen's compensation act. As above suggested, the mining statute was for the purpose of making

a safe place for the miners to work, and it would be negligence on the part of the operator to permit the miner to begin or continue work at a place which was unsafe for want of air. Negligence of the employer does not make the employment unlawful and terminate the relation of master and servant. But it is said that the declaration avers that plaintiff was unlawfully employed. That is a conclusion of law. To make his employment unlawful he must allege facts which make it so. The facts alleged in the declaration do not make his employment as a miner unlawful. When the relation of employer and employee exists and the former has elected to take the benefits and protection of the workmen's compensation act, he is not liable to respond in damages at common law or by statute for the injury of the employee "however occurring," if he has continued to pay into the fund and complied with the provisions of the act, except where the injury is caused from the deliberate intention of the employer to produce the injury. At the time of the passage of the compensation act the only class of persons who were prohibited from being employed in the mine consisted of minors under a certain age and females of any age. There was not then nor is there now any prohibition of the employment of that class of persons to which plaintiff belongs. "The broad purpose of the workmen's compensation act was to afford relief to those engaged in particular lines of industry, when they suffered injury by reason of their employment therein, and to charge the obligation thus created upon the industry as a whole, and not upon the one particular establishment in which such injured employee might have been working at the time." *Byrd* v. *Sabine Collieries Corp.*, 92 W. Va., 347, 114 S. E. 679. It was to provide promptly, economically and surely for the relief of those who suffered accidents in the industries and to provide for their dependents in case of fatal injuries without the delays and uncertainties resulting from litigation to assert their claims of damages against their employers. "Compensation acts, being highly remedial in character, though in derogation of the common law, should be liberally and broadly construed to effect their beneficent purpose. *Sole* v. *Kindle-*

*berger,* 91 W. Va., 603, 114 S. E. 151. We should not construe the act to exclude either the employer or the employee from participation of the benefits therein, unless the language used is so plain as to dictate otherwise. Under the Oregon workmen's compensation act the employee can maintain action for damages against the employer where the injury resulted from failure of the employer to maintain, in whole or in part, safety appliances required by statute; and damages in addition to compensation are recoverable against the employer when the injury results from the deliberate intention of the employer to produce the injury, *Jenkins* v. *Carman Mfg. Co.,* 79 Ore. 448; 155 Pac. 703. Secs. 22 and 25 of the Oregon act of 1913 expressly so provide. Our statute is silent as to recovery of damages for failure to provide safety appliances. For indemnity for such injuries the employee must look to the compensation fund. Under the Wisconsin compensation act the fact that an infant is prohibited from being employed in certain hazardous employments does not prevent the infant from claiming compensation when injured in such employment, and his sole remedy is for compensation. He cannot recover damages against his employer in an action at law. *Foth* v. *McComber Rope Co.,* 161 Wis. 549; 154 N. W. 369. But in *Stetz* v. *Boot & Shoe Co.,* 163 Wis. 151; the court held that under the circumstances in that case, the employment of the child constituted a criminal violation and the facts constituted such gross negligence as to make the employer liable to damages at law. The statute required a written permit from the labor commissioner authorizing the employment of children between the ages of 14 and 16 years in any factory, and forbade the employment without such permit. The child was not an employee within the meaning of the compensation act. See *Morrison* v. *Coal Co.,* 88 W. Va. 158.

We are of the opinion that plaintiff was an "employee" within the definition and meaning of that term as contained in the workmen's compensation act, and as shown by the averments of the declaration, and was not within that class of persons "prohibited by law from being employed." Hence the declaration and each count thereof is demurrable because

there is no allegation of fact which takes the case out of the terms of the compensation act, and no averment that defendant has not complied with the terms of the act, by electing to take advantage of the same and pay the premiums as required thereby. The demurrer should have been sustained, and we so respond to the first question certified. It follows that the two special pleas setting up that defendant had subscribed to and was protected by the compensation act, and that plaintiff had actually applied for and received compensation from that fund for his injuries prior to the institution of the suit were unnecessary.

*Ruling in overruling demurrer, reversed.*