No. 26,668.

In the Matter of the Application of H. P. IRISH for a Writ of Habeas Corpus.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—*Persons Entitled to Raise Constitutional Question— Discriminating Ordinances.* One cannot be heard to complain that an ordinance of a city discriminates in favor of residents thereof and against residents of other states unless he shows that he is a nonresident of this state.

2. LICENSE—*Constitutionality—Discrimination Against Nonresidents.* An ordinance of a city of the second class which provides for a license fee of $150 a year to be paid by each person, firm, or corporation, not a resident of the city, who sells any bread or bakery products to any firm or corporation in the city and prescribes a penalty for the violation of the ordinance, but does not provide for any license fee to be paid by residents of the city engaged in the same kind of business is invalid because it violates the fourteenth amendment to the constitution of the United States.

Original proceeding in habeas corpus. Opinion on rehearing filed December 11, 1926. (For original opinion remanding petitioner see 121 Kan. 72.) Petitioner discharged.

*E. D. Woodburn,* of Holton, *Robert Stone, George T. McDermott, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the petitioner.

*E. R. Sloan,* of Holton, for the respondent.

*Herbert B. Mason, Arthur B. Honnold, Fred M. Carter* and *Roscoe E. Harper,* all of Tulsa, Okla., as *amici curiæ.*

The opinion of the court was delivered by

MARSHALL, J.: In May, 1926, an opinion was rendered in this action. It is found in *In re Irish,* 121 Kan. 72. In due time a motion for rehearing was filed. That motion urged two important constitutional propositions which had not been theretofore presented to the court. A rehearing was granted. All of the matter urged in the motion for rehearing will now be discussed. It is unnecessary to restate any of the facts except to state that at the time of his arrest H. P. Irish was an employee of the Jordan Bakery Company, a corporation, doing business in Topeka and selling bread and bakery products in the city of Holton, and that no license fee is exacted

Constitutional Law, 12 C. J. pp. 760 n. 57, 762 n. 63, 763 n. 64, 768 n. 20, 769 n. 25. Licenses, 37 C. J. p. 205 n. 66; 19 L. R. A. n. s. 298; 40 L. R. A. n. s. 279; 22 A. L. R. 1481; 17 R. C. L. 514.

of a resident of the city of Holton who sells bread or bakery products therein. The matters disposed of in the former opinion will not be again discussed.

1. The petitioner, H. P. Irish, contends that the ordinance violates that part of section 2 of article 4 of the constitution of the United States which reads:

"The citizens of each state shall be entitled to all privileges and immunities of citizens of the several states."

We quote from *In re Jarvis*, 66 Kan. 329, 71 Pac. 576, as follows:

"Chapter 271, Laws of 1901 (Gen. Stat. 1901, §§ 3922-3929), so far as it exacts the payment of a license tax by nonresidents, from which certain residents of the state are exempted by the fact of their residence, is repugnant to the provision of the federal constitution that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." (Syl. ¶ 2.)

"The petitioner claims that the statute in question is unconstitutional upon several grounds, only one of which it will be necessary to consider. It provides that it shall be a misdemeanor for any one to deal as a peddler without procuring and paying for a license from the county clerk, but expressly exempts from its operation the owner of goods peddling them in the county in which he is a resident taxpayer, or in any county immediately adjoining thereto. The statute, therefore, attempts to impose a tax on nonresidents of the state from which certain residents of the state are exempted by the fact of such residence. This is an obvious discrimination in favor of the resident and against the nonresident, and is repugnant to section 2 of article 4 of the federal constitution, which provides that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states. (*Ward v. Maryland*, 12 Wall. 418, 20 L. Ed. 449; *Fecheimer Bros. & Co. v. City of Louisville*, 84 Ky. 306, 2 S. W. 65; *Graffty v. The City of Rushville*, 107 Ind. 502, 8 N. E. 609, 57 Am. Rep. 128.) The petitioner avers that he is a citizen and resident of the state of Georgia, and is therefore in a position to complain of the discrimination." (p. 332.)

A municipality cannot be authorized to do and cannot do what the state cannot do.

H. P. Irish does not show that he is a nonresident of Kansas. In 12 C. J. 760, the rule is declared to be that "it is a firmly established principle of law that the constitutionality of a statute may not be attacked by one whose rights are not affected by the operation of the statute." A large list of cases is there cited to support the statement quoted. In 12 C. J. 768 it is said:

"The unconstitutionality of a statute on the ground that it denies equal rights and privileges by discriminating between persons or classes of persons may not be raised by one not belonging to the class alleged to be discriminated

against." See, also, *City of Kansas City v. Railway Co.*, 59 Kan. 427, 53 Pac. 468, and *State v. Smiley*, 65 Kan. 240, 247, 69 Pac. 199.

H. P. Irish cannot invoke section 2 of article 4 of the federal constitution.

2. The petitioner also contends that the ordinance violates that part of the fourteenth amendment to the constitution of the United States which reads:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

If the ordinance deprives the petitioner of liberty or property without due process of law or denies to him the equal protection of the law, he can insist that the ordinance is invalid because it violates that amendment.

In *Barbier v. Connolly*, 113 U. S. 27, 31, the United States supreme court said:

"The fourteenth amendment, in declaring that no state 'shall deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws,' undoubtedly intended not only that there should be no arbitrary deprivation of life or liberty, or arbitrary spoliation of property, but that equal protection and security should be given to all under like circumstances in the enjoyment of their personal and civil rights; that all persons should be equally entitled to pursue their happiness and acquire and enjoy property . . . that no impediment should be interposed to the pursuits of any one except as applied to the same pursuits by others under like circumstances; that no greater burdens should be laid upon one than are laid upon others in the same calling and condition."

The ordinance in question discriminates between residents of the city of Holton and nonresidents thereof.

We quote from the headnotes to *Truax v. Raich*, 239 U. S. 33, as follows:

"The right to earn a livelihood and to continue employment unmolested by efforts to enforce void enactments is entitled to protection in equity in the absence of an adequate remedy at law. . . .

"The right to work for a living in the common occupations of the community is of the essence of that personal freedom and opportunity which it was the purpose of the fourteenth amendment to secure." (Syl.)

The Kansas workmen's compensation act, as enacted by section 3 of chapter 226 of the Laws of 1917, contained the following provision:

"If the workman does not leave any dependents citizens of and residing at the time of the accident and injury in the United States or the Dominion of Canada, the amount of compensation shall not exceed in any case the sum of seven hundred fifty dollars ($750)."

In *Vietti v. Fuel Co.*, 109 Kan. 179, 197 Pac. 881, an action by two aliens, natives of Italy and dependents of a deceased workman, it was said:

"The statutory provision in question is also in conflict with that clause of the fourteenth amendment to the federal constitution which provides that no state shall 'deny to any person within its jurisdiction the equal protection of the laws.' "

The court there also said:

"The plaintiffs were lawful inhabitants of Kansas, and therefore had a right to invoke the protection of the amendment." (p. 182.)

In *Lochner v. New York*, 198 U. S. 45, 53, the rule was declared that—

"The general right to make a contract in relation to his business is part of the liberty of the individual protected by the fourteenth amendment of the federal constitution."

In *Chicago, B. & Quincy R. R. Co. v. McGuire*, 219 U. S. 549, 566, the court said:

"It has been held that the right to make contracts is embraced in the conception of liberty as guaranteed by the constitution. (*Allgeyer v. Louisiana*, 165 U. S. 578; *Lochner v. New York*, 198 U. S. 45; *Adair v. United States*, 208 U. S. 161.) In *Allgeyer v. Louisiana*, supra, the court, in referring to the fourteenth amendment, said (p. 589): 'The liberty mentioned in that amendment means not only the right of the citizen to be free from the mere physical restraint of his person, as by incarceration, but the term is deemed to embrace the right of the citizen to be free in the enjoyment of all his faculties; to be free to use them in all lawful ways; to live and work where he will; to earn his livelihood by any lawful calling; to pursue any livelihood or avocation, and for that purpose to enter into all contracts which may be proper, necessary and essential to his carrying out to a successful conclusion the purposes above mentioned.' "

In *Coppage v. Kansas*, 236 U. S. 1, 14, the following language was used:

"Included in the right of personal liberty and the right of private property— partaking of the nature of each—is the right to make contracts for the acquisition of property. Chief among such contracts is that of personal employment, by which labor and other services are exchanged for money or other forms of property. If this right be struck down or arbitrarily interfered with, there is a substantial impairment of liberty in the long-established constitutional sense.

*In re* Irish.

The right is as essential to the laborer as to the capitalist, to the poor as to the rich; for the vast majority of persons have no other honest way to begin to acquire property, save by working for money."

H. P. Irish has the right to invoke the fourteenth amendment to the constitution of the United States for his protection.

In *The Town of Pacific Junction v. Dyer,* 64 Ia. 38, the supreme court of that state held that a license ordinance discriminating in favor of resident merchants of Pacific Junction and against all other resident merchants of Iowa was in conflict with section 8 of article 1 of the constitution of the United States, the interstate commerce clause.

*State v. Osborne,* 171 Ia. 678, held an ordinance discriminating in favor of merchants of Indianola, Iowa, against those of other places in Iowa invalid. Discriminatory ordinances were held invalid in *Ex parte Thomas,* 71 Cal. 204, and in *Brown v. Judge of Superior Court,* 145 Mich. 413.

There is an abundance of authority for holding the ordinance in question invalid. See 2 McQuillin Municipal Corporations, 1604; note to *State v. Bayer,* 19 L. R. A., n. s., 297; note to *State v. Williams,* 40 L. R. A., n. s., 279, 286; 7 Rose's Notes, 445-449; note in 4 Encyc. U. S. Sup. Ct. Rep. 475; 7 Encyc. U. S. Sup. Ct. Rep. 472; 37 C. J. 205.

The ordinance is invalid because it violates the fourteenth amendment of the constitution of the United States. For that reason, the petitioner is discharged from custody.