No. 27,845.

O. W. LITTLE et al., *Appellants*, v. WILLIAM A. SMITH, Attorney-general, et al., *Appellees.*

(257 Pac. 959.)

SYLLABUS BY THE COURT.

CIGARETTES—*Prohibiting Advertising in Newspapers—Interference With Interstate Commerce and Constitutional Guarantees.* Section 18 of "An act relating to cigarettes and other forms of tobacco; levying a tax for the sale thereof; and repealing sections 21-2201, 21-2202, 21-2203, 21-2204 and 21-2205 of the Revised Statutes of Kansas for 1923" (Laws of 1927, ch. 171), which prohibits the advertising of cigarettes, or cigarette papers, in any newspaper or periodical published in Kansas, is an undue interference with interstate commerce, is unjustly discriminatory and is a denial of personal and property rights guaranteed by the federal constitution and is therefore unconstitutional and void.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 9, 1927. Reversed.

*Charles B. Griffith* and *Al F. Williams,* both of Topeka, for the appellants.

*William A. Smith,* attorney-general, *Ray H. Calihan, Leon W. Lundblade,* assistant attorneys-general, *Paul H. Heinz,* county attorney, and *Edward Rooney,* assistant county attorney, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action is brought under the declaratory judgment statute to obtain an interpretation of "An act relating to cigarettes and other forms of tobacco; levying a tax for the sale thereof; and repealing sections 21-2201, 21-2202, 21-2203, 21-2204 and 21-2205 of the Revised Statutes of Kansas for 1923," and par-

Commerce, 12 C. J. pp. 19 n. 16, 21 n. 28.  Constitutional Law, 12 C. J. pp. 913 n. 64, 916 n. 90, 918 n. 28, 920 n. 56, 925 n. 29, 928 n. 6, 8, 18, 929 n. 20, 930 n. 22, 932 n. 33, 1151 n. 55, 1158 n. 10 *et seq.*

ticularly a declaration and determination as to the validity of section 18 of that act. The district court held the statute to be valid and from its judgment the plaintiffs appeal.

It is conceded that there is an actual controversy between the parties and no jurisdictional or procedural questions are raised.

The act provides for the issuance of permits to make sales of cigarettes and cigarette papers upon the payment of prescribed license fees. It also imposes a tax on all packages and booklets of those articles upon which stamps are to be procured and placed, denoting the tax thereof; and the stamps are to be canceled prior to the sale, removal or consumption of the articles under such regulation as the treasurer of state shall prescribe. Penalties are prescribed for sales made without licenses, or without the payment of the tax or without having stamps duly attached and canceled. There is a provision making it unlawful to sell or give away to minors cigarettes, cigarette papers, cigars or tobacco, and it is also made unlawful for proprietors of any place of business to permit minors to frequent such places of business while in the act of using tobacco in any form, and in an amendment of the original act penalties are prescribed for violation of these provisions. (Laws 1927, ch. 172.) The provision relating to advertisements, the validity of which is challenged in this action, is section 18 of the act, and is as follows:

"SEC. 18. *Cigarette advertisements.* It shall be unlawful for any person, company or corporation to advertise cigarettes or cigarette papers, or any disguise or subterfuge of either of these, in any circular, newspaper or other periodical published, offered for sale or for free distribution within the state of Kansas. It shall also be unlawful for any person, company or corporation to advertise cigarettes or cigarette papers on any street sign, placard or billboard; or in any package of merchandise, store window, show case, or any other public place within the state of Kansas."

The plaintiffs, who are partners doing business under the firm name of The Alma *Enterprise,* bring this action in behalf of themselves and of the Kansas Press Association, engaged in publishing approximately 175 newspapers in Kansas, and in the printing of circulars and window cards, alleging that they have a large interstate circulation of their newspapers; that the manufacturers of cigarettes and cigarette papers outside of Kansas, engaged in shipping their products into Kansas in original packages, are selling them through advertising agencies located outside of this state, and that they had made offers to plaintiffs to publish in their papers advertise-

ments of cigarettes and cigarette papers, but that they are forbidden to publish such advertisements under the section quoted, while newspapers in Kansas City, Springfield, Joplin and St. Joseph, Mo., Lincoln, Neb., Denver, Colo., and a large number of other publications and magazines having a large circulation in the state of Kansas, are publishing such advertisements, and are immune from punishment, while the Kansas newspapers are forbidden to publish them.

Plaintiffs contend that the restriction of section 18 transcends the constitutional limitations and infringes on the right of contract, on property rights, on the freedom of the press, places an unreasonable burden upon interstate commerce and offends the fourteenth amendment of the federal constitution.

The defendants insist that the constitutional objections advanced are groundless and unavailing, in that the statute is a proper exercise of the police power of the state, since it is designed and tends to promote the public health, morals, security, comfort and general welfare of the people of the state.

It must be conceded that it is competent and within the power of the legislature to regulate and even prohibit the sale of cigarettes within the state. In *State v. Nossaman,* 107 Kan. 715, 193 Pac. 347, it was decided that—

"The act (Laws 1917, ch. 166) prohibiting and prescribing penalties for bartering, selling or the giving away of cigarettes or cigarette papers and the keeping of them for barter, sale or free distribution is within the police power of the state and does not violate any of the principles of the fourteenth amendment to the constitution of the United States."

This view is upheld in *Gundling v. Chicago,* 177 U. S. 183, 44 L. Ed. 725, and in *Austin v. Tennessee,* 179 U. S. 343, 45 L. Ed. 225. To be valid, however, this conceded power must be exercised with due regard to constitutional limitations, and if an act is so framed as to violate the due process clause of the federal constitution, if it arbitrarily and unreasonably interferes with or destroys personal or property rights of a citizen, or unduly restricts or burdens interstate commerce, it cannot be upheld. It will be seen in the Gundling case cited that the supreme court, after upholding a city ordinance regulating the sale of cigarettes, stated that the power conferred on a city officer did not vest in him the arbitrary right to refuse or grant a license in violation of the fourteenth amendment of the constitution, either in regard to the clause requiring due process of law or in

that requiring equal protection of the laws, and in holding that regulation of a trade or business was within the police power of the state, and within the authority of the state to determine, but the court added that their determinations would be upheld "unless the regulations are so utterly unreasonable and extravagant in their nature and purpose that the property and personal rights of the citizen are unnecessarily, and in a manner wholly arbitrary, interfered with or destroyed without due process of law," etc.　(p. 188.)

In the Austin case, upholding the exercise of the police power, the court quoted from *Yick Wo v. Hopkins,* 118 U. S. 356, 373, in which it was said:

"'Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution.'"　(p. 350.)

While the police power is wide in its scope and gives the legislature broad power to enact laws to promote the health, morals, security and welfare of the people, and further, that a large discretion is vested in it to determine for itself what is deleterious to health, morals or is inimical to public welfare, it cannot under the guise of the police power enact unequal, unreasonable and oppressive legislation or that which is in violation of the fundamental law. The statute in question supplanted and repealed one prohibiting the sale and disposal of cigarettes, and which had been theretofore held valid. The later act authorized the sale of these except as to minors. This act treats cigarettes as articles of commerce, and it is essentially an act to raise revenue. It is competent for the legislature to include in an act provisions for regulation as well as for raising revenue, if its provisions do not violate constitutional limitations. It is readily apparent that the dominant theory of the act is to provide revenue. It is stated, and seems to be conceded, that the revenue raised under the act will amount to at least one million dollars each year. Having legalized the sale of cigarettes, thus making them articles of commerce, can the legislature restrict the making of contracts for advertising, which operates unequally as between publishers engaged in that business. It is conceded that the act is ineffective as against publishers outside of the state, whose newspapers and publications have a much larger circulation than

Little v. Smith.

those issued by the plaintiffs and other publishers within the state. Because of this condition it may well be doubted whether the restriction as to advertising can have any appreciable effect in preventing sales to minors where outside publications, which go into almost every household, carry full page advertisements of cigarettes, or whether the restriction on local publishers contributes in any substantial degree towards accomplishing the avowed purpose of promoting the public welfare. A statute restraining the liberties and property rights of citizens cannot be upheld unless it has a real relation to its object and the regulation reasonably adapted to accomplish the end sought to be attained. (*Marbury v. Madison,* 1 Cranch, 49.) Whether the act is open to that objection need not be determined, but it is clear that in its operation it is unequal and obviously discriminatory. Here we have an act which in its operation permits publishers on one side of the state line to contract for advertising articles of commerce, but prohibits publishers on the other side of the state line from making like contracts. We think it offends the constitutional provision that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." (U. S. Const. Art. 4, § 2.) It is obnoxious also to the due process clause of the fourteenth amendment of that constitution, and to the other clause that no state shall deny any person within its jurisdiction the equal protection of the law. In respect to unjust discrimination we held in the recent cause of *In re Irish,* 122 Kan. 33, 250 Pac. 1056, that a restriction imposed on a nonresident dealer of a city which was not applied to a resident dealer engaged in the same kind of business, was obviously discriminatory and void, and that if a greater burden is laid upon one than upon others in the same calling and condition it is repugnant to the federal constitution. (See, also, *In re Jarvis,* 66 Kan. 329, 71 Pac. 576; *Vietti v. Fuel Co.,* 109 Kan. 179, 197 Pac. 881; *Barbier v. Connolly,* 113 U. S. 27; *Lochner v. New York,* 198 U. S. 45; *Chicago, B. & Quincy R. R. Co. v. McGuire,* 219 U. S. 549.) Most of the cases relating to discriminations have arisen where an added and unequal burden was placed upon the nonresident party, but no reason is seen why the resident discriminated against in favor of the nonresident is not entitled to complain and to have the same principle applied and should be awarded the same protection against inequality and injustice.

16—124 Kan.

It is urged with apparent reason that the provision is an undue interference with interstate commerce. It appears that plaintiffs, conducting newspapers in Kansas, have a large circulation in adjoining states, and that manufacturers of cigarettes and cigarette papers, engaged in shipping their products from other states into Kansas and selling them in original packages, have solicited the plaintiffs to publish advertisements of the goods with a view of promoting the sale in Kansas and other places, and that the statute precludes them from entering into such contracts or assisting in the sale of the goods by advertisements in their newspapers.

It is insisted first by plaintiffs that under the statute the sale of cigarettes is authorized and lawful, with the exception as to minors, and must be treated as an article of commerce, and that, being manufactured in other states and transported and sold in this state, it is protected by the interstate commerce clause of the federal constitution. Advertisements of goods in interstate commerce is an aid to the sale and must be regarded as an essential part of the business. It has been held that—

"Newspapers are subjects of commerce within the meaning of the provision in the constitution of the United States relating to commerce between the states." (*Preston v. Finley,* 72 Fed. 850.)

In another case the court declared that—

"Every negotiation, contract, trade and dealing between citizens of different states which contemplates and causes such importation, whether it be of goods, persons or information, is a transaction of interstate commerce." (*Butler Bros. Shoe Co. v. U. S. Rubber Co.,* 156 Fed. 1, 17. See, also, *W. U. Telegraph Co. v. Pendleton,* 122 U. S. 347; *International Textbook Co. v. Pigg,* 217 U. S. 91.)

Newspapers and other media of conveying information regarding proper subjects of interstate commerce must be deemed to be engaged in such commerce. Cigarettes transported from other states sold in original packages is commerce, and contracts for advertising and the newspapers themselves carrying such information and advertisements in order to promote sales are within the protection of the commerce clause of the constitution. That question was before the supreme court of Utah where a publisher of a newspaper was prosecuted for the violation of a statute prohibiting the advertising of cigarettes and other tobacco products in newspapers. The defendant had printed such an advertisement in his newspaper, which

had a circulation in several states, and having been convicted he appealed raising the question of the validity of the statute. The court held that the articles advertised were legal subjects of commerce, that publishers of newspapers carrying advertisements of articles were engaged in interstate commerce and that prohibition of such advertising and circulation of the newspaper was beyond the power of the state to enact and constituted a violation of the commerce clause of the federal constitution. (*State v. Salt Lake Tribune Publishing Co.*, [Utah] 249 Pac. 474.) See, also, *Post Printing and Publishing Co. v. Brewster*, 246 Fed. 321, and the numerous other authorities cited in the above cases.

Having reached the conclusion that section 18 of the act involved here is unconstitutional on the grounds mentioned, it is deemed unnecessary to discuss other grounds of invalidity advanced by the plaintiffs.

The judgment is reversed.