## MADONNA et al. v. WHEELING STEEL CORPORATION.

Circuit Court of Appeals, Fourth Circuit.
October 16, 1928.

No. 2740.

J. Raymond Gordon, of Charleston, W. Va., for appellants.

Wright Hugus, of Wheeling, W. Va. (J. E. Bruce, R. T. Jennings, Jr., and Schmidt, Hugus & Laas, all of Wheeling, W. Va., on the brief), for appellee.

Before NORTHCOTT, Circuit Judge, and WATKINS and WEBB, District Judges.

NORTHCOTT, Circuit Judge. This is an action at law brought in the District Court of the United States for the Northern District of West Virginia, at Parkersburg, by Vincenzo Madonna and Enrico Iannarelli, administrators of Francisco Balzana, deceased, against the Wheeling Steel Corporation, to recover damages for the death of Balzana. A demurrer was filed to the declaration, which demurrer the court sustained, from which action this appeal was taken. The Wheeling Steel Corporation conducted and operated a coal mine, located at Benwood in Marshall county, West Virginia, and in April, 1924, an explosion occurred in said

mine, by reason of which a number of people were killed, among them Francisco Balzana. The declaration alleged that the mine was carelessly and negligently operated.

At the time the deceased went to work for the defendant company, and at the time of the accident, there was in effect in the state of West Virginia, what is known as the Workmen's Compensation Act (Code W. Va. 1923, c. 15 P, §§ 1–55), containing comprehensive provisions for the payment of compensation for the injury or death of employees working in the various industries of the state, including the coal mines, and section 9 of the Workmen's Compensation Act is as follows:

"All persons, firms, associations and corporations regularly employing other persons for the purpose of carrying on any form of industry or business in this state * * * are employers within the meaning of this act, and subject to its provisions. All persons in the service of employers as herein defined and employed by them for the purpose of carrying on the industry, * * * are employees within the meaning of this act, and subject to its provisions. * * *"

There is nothing in the declaration to negative the fact that the defendant corporation was a subscriber to the Workmen's Compensation Act, and came within its provisions. Section 22 of the act provides that an employer who elects "to pay into the Workmen's Compensation Fund the premiums provided * * * shall not be liable to respond in damage at common law or by statute for the injury or death of any employee however occurring. * * *"

Subsection (g) of section 33 of said act reads as follows:

"(g) Dependent, as used in this act, means a widow, invalid widower, child under fifteen years of age, invalid child over such age, or a posthumous child, who, at the time of the injury causing death, is dependent in whole or in part for his or her support upon the earnings of the employee; also, the following persons who are and continue to be residents of the United States or its territorial possessions: Step-child under fifteen years of age, child under fifteen years of age legally adopted prior to the injury causing death; father, mother, grandfather or grandmother who, at the time of the injury causing death, is dependent in whole or in part for his or her support upon the earnings of the employee; an invalid brother or sister wholly dependent for his or her support upon the earnings of the employee at the time of the injury causing death."

The West Virginia Workmen's Compensation Act has been repeatedly passed upon by the highest court in the state of West Virginia, and it has been repeatedly upheld by this court.

■ Employment under the Compensation Act, when elective and not compulsory, and voluntarily entered into, is a contract of employment to be treated as all other contracts. Such contracts are valid, and are binding upon the parties for injuries or death sustained within the contract of employment. Gooding v. Ott, 77 W. Va. 487, 87 S. E. 862.

■ Enactment of the Workmen's Compensation Act in West Virginia subjects those to whom the act is applicable to liability for personal injuries to employees negligently inflicted, on principles radically different from the common law principles governing such liability. The act bars the common-law defenses of fellow servantry, assumption of risk and contributory negligence. Louis v. Smith-McCormick Construction Co., 80 W. Va. 159, 92 S. E. 249.

■ Where the declaration shows that the defendant is such an employer as comes within the provisions of the Workmen's Compensation Act, it must also make such averments as would take the case without the protection afforded by the act. Louis v. Smith-McCormick Construction Co., supra; Byrd v. Sabine Collieries Co., 92 W. Va. 347, 114 S. E. 679; Gunnoe v. Glogora Coal Co., 93 W. Va. 636, 117 S. E. 484.

■ It is not necessary to cite authorities to the effect that the construction by the highest state courts of statutes of that state are of necessity followed by the federal courts.

■ The entering into the employment of defendant company by the deceased, under the law as it then existed in West Virginia, constituted a contract between employer and employee, and the Compensation Act stipulated just what should be paid in the event of injury or death of employee, when happening with or without the fault of the employer. This contract had every element necessary to its validity. It is contended on behalf of the appellant that the contract lacked mutuality, but we do not think so. We fail to see how the lack of mutuality can be sustained. Both employer and employee acquired rights that they did not have under the law as it existed in West Virginia before the passage of the Workmen's Compensation Act. The deceased entered into the employment of the defendant company charged with the knowledge of the Compensation Act, and properly chargeable with the knowledge that

the defendant company was a subscriber to it. By so entering into the employment, he contracted to abide by the terms of the act, and in return for such promise, was guaranteed by the act, certain compensations in event of injury or death. The Compensation Act was the last expression of the Legislature of West Virginia regarding the right to recover damage suffered through injury resulting in death. The defendant company was only required to respond in damages for the death of Balzana according to the provisions of the act. Under the act compensation could be paid only to certain dependents. The deceased was unmarried; had no dependent children, and no dependents residing in the United States or its possessions. He had a father and mother residing in Italy. Under subsection (g), above quoted, the father and mother, not being residents, could receive no compensation.

It is contended on behalf of the appellants that the provisions in the Compensation Act requiring father and mother to be residents of the United States or its territorial possessions was a violation of the treaty in effect between the United States of America and the Italian government. The clause in the Italian-American treaty relied upon by appellants, is as follows:

"The citizens of each of the high contracting parties shall receive in the states and territories of the other the most constant security and protection for their persons and property and for their rights including that form of protection granted by any state or national law which established a civil responsibility for injuries or for death caused by negligence or fault and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationality of said relatives or heirs; and shall enjoy in this respect the same rights and privileges as are or shall be granted to the nationals, provided that they submit themselves to the conditions imposed on the latter."

We fail to see how the provision of the West Virginia Compensation Act, quoted above—of section 33—in any way discriminates against citizens of the Italian government. Had the deceased been a British or French citizen or a citizen of the United States, having a father and mother residing without the territory of the United States or its territorial possessions, no compensation would have been paid them under this act. No right to recover for Balzana's death was restricted because of the nationality of his relatives.

Appellants rely upon the case of Vietti v. George K. Mackie Fuel Co., 109 Kan. 179, 197 P. 881, where the Kansas statute was held to be at variance with the treaty with Italy. The Kansas statute (Laws 1917, c. 226, § 3) reads as follows:

"* * * If the workman does not leave any dependents, citizens of and residing at the time of the accident and injury in the United States or the Dominion of Canada, the amount of compensation shall not exceed in any case the sum of $750.00."

It will be seen at a glance that the provisions of the Kansas statute were clearly a violation of the Italian-American treaty, because the right to recover was dependent on the citizenship of the relatives. This, however, is not true, as we see it, of the West Virginia statute. In the recent case of Liberato et al. v. Royer et al., 270 U. S. 535, 46 S. Ct. 373, 70 L. Ed. 719, it is held in the syllabus

"That part of the elective Workmen's Compensation Act of Pennsylvania [Pa. St. 1920, § 21916 et seq.] which denies compensation to alien parents not residents of the United States, is not, as applied to a case of death without negligence or fault, at variance with the Treaty with Italy, which guarantees that the citizens of each country shall receive in the states and territories of the other the 'protection granted by any state or national law which establishes a civil responsibility for injuries or for death caused by negligence or fault and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationality of said relatives or heirs.'"

And while it is contended that this holding was peculiar to the Pennsylvania statute, we think the reasoning in that case applies here. After an examination of the case of McGovern v. Philadelphia & Reading Ry. Co., 235 U. S. 389, 35 S. Ct. 127, 59 L. Ed. 283, where the case of Maiorano v. B. & O. Ry. Co., 213 U. S. 268, 29 S. Ct. 424, 53 L. Ed. 792, is discussed and distinguished, we are of the opinion that the reasoning in both of these cases sustains the conclusion here reached.

The court below was right in sustaining the demurrer, and the judgment is accordingly affirmed.