RITHOLZ et al. v. INDIANA STATE BOARD OF REGISTRATION AND EXAMINATION IN OPTOMETRY et al.

No. 605.

District Court, N. D. Indiana, Hammond Division.

Nov. 22, 1937.*

* Released for publication May, 1942.

Watson, King & Brode, of Washington, D. C., and Melvin H. Specter, of East Chicago, Ind., for plaintiffs.

Omer Stokes Jackson, Atty. Gen., of Indianapolis, Ind., Ralph E. Hanna, Deputy Atty. Gen., of Indianapolis, Ind., and Wilbur F. Pell, of Shelbyville, Ind., for defendants.

Before SPARKS, Circuit Judge, and BALTZELL and SLICK, District Judges.

PER CURIAM.

In conformity with Equity Rule 70½, 28 U.S.C.A. § 723 Appendix, the court, having heard the parties and their counsel, makes the following findings of fact, the same being the facts alleged in the amended bill of complaint which are well pleaded and which are admitted by the defendants' motion to dismiss:

1. Complainants are residents of the State of Illinois, doing business as partners under the trade name of National Optical Stores Company, with branch stores in the State of Indiana, located at the following places, to-wit: Hammond, Gary, South Bend, Indianapolis and Evansville, and the defendants herein, John P. Davey, Walter Kocher, Don Harpham, Orris Booth and J. R. Victor are the duly appointed, quali-fied and acting members of the Indiana State Board of Registration and Examination in Optometry and that the defendants, Philip Lutz, Jr., and Paul V. McNutt, were at the time of the filing of the bill of complaint, respectively, the Attorney General of the State of Indiana and the Governor of the State of Indiana, duly qualified and acting as such; and that all of said defendants are residents of the State of Indiana;

2. Complainants are engaged in the retail sale of eyeglasses, lenses, frames and other ophthalmic products upon prescription of duly licensed optometrists and physicians in the several states of the United States and in the following cities in the State of Indiana, to-wit: Indianapolis, Evansville, South Bend, Gary and Hammond;

That the complainants have their main office and factory building located in the City of Chicago, Illinois, where eyeglasses, lenses and frames are manufactured from raw materials; that they have in their employ over 300 persons; that on the 13th day of November, 1936, the date on which the original Bill of Complaint was filed in this cause, the complainants employed licensed optometrists to refract the eyes of persons desiring glasses, but because of certain threats and intimidation on the part of the defendants, said complainants now have placed in their stores for the convenience of the public, duly licensed physicians, licensed in Indiana, who make examinations and collect their own fees; that after an examination of the customer is made by the aforesaid physician a prescription is written by said physician and said prescription is referred to an employee of the complainants, if the customer so desires, and said employee proceeds to show the customer the various types of glasses from which said customer selects the type of glasses desired; that the customer then orders from the complainants the type of glass desired, and is informed by said employee of the complainants that the glasses will be made up and shipped from the Chicago factory; that the prescription and order blank, setting out in detail the type of glasses desired, is forwarded from the local store to the main office and factory of the complainants, situated in the City of Chicago, Illinois, wherein the glasses are ground to comply with the prescription, lenses made and properly assembled and returned to the local store earmarked for delivery to the customer;

3. That the optical departments of the complainants are in full charge of the licensed optometrist or physician in each store or branch; that said duly licensed optometrist or physician is furnished with all the necessary equipment for the practice of his calling; that said licensed optometrist or physician examines the eyes of all patients and issues prescriptions for those patients whose vision is found to be defective, and that the patients are under no obligation to purchase glasses from complainants or to have the prescriptions so prepared by said licensed optometrist or physician filled by complainants; that said licensed optometrist or physician has full and exclusive control, without direction from complainants or any of their officers or employees, in the examination of eyes, use of instruments, technique or judgment, without any advice or direction from said complainants; that said complainants do not direct said optometrist or physician in the way he conducts eye examinations, nor in the kinds of prescriptions given, all such matters being left entirely in the judgment of said optometrist or physician; that none of the officers, managers, or other persons connected with the complainants undertake to perform any of the work in the optical testing rooms of complainants' branches, nor do they undertake to examine eyes or give prescriptions, nor do they undertake to assist therein, nor do they themselves examine eyes or give prescriptions or advice to patients;

4. That the Seventy-Ninth General Assembly of the State of Indiana in the year 1935 passed an Act known and designated as Chapter 38 of the Acts of the General Assembly of Indiana of 1935, which said Act, at the time of the filing of the amended bill of complaint herein, was in full force and effect, and is in the words and figures following, to-wit:

"Chapter 38.

"(S. 43. Approved February 14, 1935.)

"An Act to amend sections 2, 6 and 11 and the title and to repeal section 5 of and to create and add certain supplemental sections to an act entitled 'An act to define and regulate the practice of optometry, providing for the issuance of certificates to practice, providing for a state board of registration and examination, and defining their duties, providing for the collection and disposition of fees and dues, defining certain misdemeanors and providing penalties therefor,' approved March 9, 1907; and to

amend section 4 of an act entitled 'An act to amend sections one, four, ten, fifteen, seventeen and nineteen of an act entitled "An act to define and regulate the practice of optometry, providing for the issuance of certificates to practice, providing for the state board of registration and examination, and defining their duties, providing for the collection and disposition of fees and dues, defining certain misdemeanors and providing penalties therefor," approved March 9, 1907,' approved March 15, 1913; and to amend sections 2, 3, 4 and 5 of an act entitled 'An act to amend section 3 of an act entitled "An act to define and regulate the practice of optometry, providing for the issuance of certificates to practice, providing for a state board of registration and examination, and defining their duties, providing for the collection and disposition of fees and dues, defining certain misdemeanors and providing penalties therefor," approved March 9, 1907, and to amend sections 2, 3, 5 and 6 of an act entitled "An act to amend sections one, four, ten, fifteen, seventeen, and nineteen of an act entitled 'An act to define and regulate the practice of optometry, providing for the issuance of certificates to practice, providing for the state board of registration and examination, and defining their duties, providing for the collection and disposition of fees and dues, defining certain misdemeanors and providing penalties therefor,' approved March 9, 1907," approved March 15, 1913,' law without the governor's signature, 1919; and to amend sections 1, 2 and 3 of an act entitled 'An act to amend section 1 of an act entitled "An act to amend section 3 of an act entitled 'An act to define and regulate the practice of optometry, providing for the issuance of certificates to practice, providing for a state board of registration and examination, and defining their duties, providing for the collection and disposition of fees and dues, defining certain misdemeanors and providing penalties therefor,' approved March 9, 1907, and to amend sections 2, 3, 5 and 6 of an act entitled 'An act to amend sections one, four, ten, fifteen, seventeen, and nineteen of an act entitled "An act to define and regulate the practice of optometry, providing for the issuance of certificates to practice, providing for the state board of registration and examination, and defining their duties, providing for the collection and disposition of fees and dues, defining certain misdemeanors and providing penalties therefor," approved March 9, 1907,' approved March 15, 1913,"

law without signature of governor (1919), and to amend section 1 of an act entitled "An act to amend section 16 of an act entitled 'An act to define and regulate the practice of optometry, providing for the issuance of certificates to practice, providing for a state board of registration and examination, and defining their duties, providing for the collection and disposition of fees and dues, defining certain misdemeanors and providing penalties therefor,' approved March 9, 1907," approved March 12, 1925, and to amend section 18 of an act entitled "An act to define and regulate the practice of optometry, providing for the issuance of certificates to practice, providing for a state board of registration and examination, and defining their duties, providing for the collection and disposition of fees and dues, defining certain misdemeanors and providing penalties therefor," approved March 9, 1907, and to amend section 7 of an act entitled "An act to amend sections one, four, ten, fifteen, seventeen and nineteen of an act entitled 'An act to define and regulate the practice of optometry, providing for the issuance of certificates of practice, providing for the state board of registration and examination, and defining their duties, providing for the collection and disposition of fees and dues, defining certain misdemeanors and providing penalties therefor,' approved March 9, 1907," approved March 15, 1913,' approved March 7, 1929.

"Amendment—State Board of Optometry—Members—Organization.

"Section 1. Be it enacted by the general assembly of the State of Indiana, That section 1 of the fourth above entitled act be amended to read as follows: Section 1. That section 1 of the first above entitled act be amended to read as follows: Section 1. That section 2 of the second above entitled act be amended to read as follows: Sec. 2. That section 1 be amended to read as follows: Section 1. That there be and is hereby created a board which shall be known as the Indiana state board of registration and examination in optometry, whose duty it shall be to carry out the provisions of this act. Said board shall consist of five members, all of whom shall have been resident optometrists, licensed under this act, engaged in the actual practice of optometry in the State of Indiana for a period of five years prior to their appointment, and not more than three of whom shall belong to the same political party. Of those hereafter appointed two shall serve for one year, one for two years, and the other two for three years. The successors of all shall serve for a term of three years each, and each shall hold his office until his successor be appointed. Appointment to fill vacancies from any cause shall be made by the governor for the residue of such term. The members of the board, before entering on their duties, shall each take and subscribe to the oath required to be taken by other state officers, which shall be administered by the secretary of state and filed in his office; and said board shall have a common seal: Provided, That the members of such board heretofore appointed by the governor shall serve out the terms for which they were respectively appointed, the same as if this amendment had not been made, but the tenure of office of the members of such board shall at all times be subject to the provisions of an act of the general assembly for the year 1933, entitled 'An Act concerning the executive including the administrative department of the government of the State of Indiana; repealing all acts and laws in conflict therewith; and declaring an emergency,' approved February 3, 1933. Said board shall have authority and it shall be its duty as far as the provisions of this act permit:

"Witnesses—Subpoenas—Procedure.

"(a) To administer such oaths and take such affidavits as are required by the provisions of this act, certifying thereto under their hand and the seal of the board, and to require the attendance of witnesses, the production of books, records and papers pertinent to any matters coming before the board, and for that purpose the secretary of the board shall have the power to issue a subpoena for any witness or a subpoena duces tecum to compel the production of any books, records, papers or documents, directed to the sheriff of the county where such witness resides or is to be found, which shall be served and returned in the same manner as subpoenas in civil actions in the circuit court are served and returned.

"Rules and Regulations.

"(b) To make and promulgate rules and regulations, and to do any and all things not inconsistent with this act, which it may deem necessary or expedient for the effective enforcement of this act, and for the full and efficient performance of its duties hereunder, and the reasonable regulation of the profession and practice thereof by persons licensed under this act.

"Applications for Registration or License —Rules and Regulations—Records.

"(c) To make such rules and regulations not inconsistent with the provisions of this act, governing applicants and applications for registration or license under this act, and governing the examination of applicants before beginning the practice of optometry in this state, and to establish a schedule of qualifications of applicants, and a schedule of the minimum requirements with which applicants for examination must comply before they can be examined or receive a certificate of registration, which schedules of qualifications of applicants and of minimum requirements shall be kept in a record for that purpose by said board.

"Schools of Optometry—Records—Requirements—Rules.

"(d) From time to time, to establish and record, in a record kept for that purpose, a schedule of the minimum requirements and rules for the recognition of schools of optometry, so as to keep the requirements of proficiency up to the average standard of other states.

"Determination of Unprofessional Conduct.

"(e) To determine what acts on the part of any person licensed under this act, shall constitute unprofessional conduct as defined by this law.

"Assisting in Prosecution and Enforcement.

"(f) To assist in the prosecution of any violation of this act, or to assist in the enforcement of any of the provisions of this act.

"Appointment of Inspector—Duties—Powers.

"(g) To appoint, when and if it deems expedient, an agent whose title shall be inspector of said board, who shall hold office during the pleasure of said board, and who shall, while in office, be authorized to serve and execute any process or order issued by said board under the provisions of this act. Such agent shall have power to enter any optometrist's establishment or any place where said optometrist is located for the purpose of practicing his profession, to inspect said premises and the licenses and certificates of registration of all optometrists operating therein, and he shall also have the power to inspect all instruments used in the conduct of said profession, and all lenses, frames and mountings which are to be delivered to the public.

"Attorneys and Employes.

"(h) To employ or retain the services of attorneys, stenographers, and other necessary assistants in the carrying out of the provisions of this act.

"Certificates of Registration—Grant—Revocation.

"(i) To grant or refuse to grant certificates of registration as hereinafter provided for, to revoke or suspend the certificate of registration as hereinafter provided for, of any optometrist, for any violation of this act or for a violation of any rule or regulation of said board.

"Annual Report.

"(j) To make annually on or before the first day of September of each year a report to the governor of all of its official acts during the preceding fiscal year and of its receipts and disbursements.

"Additional Powers.

"(k) To have such other powers and duties as may be provided in the provisions of this act.

"Amendment — Board — Meetings — Organization — Officers — Bond — Records.

"Sec. 2. That section 2 of the first above entitled act be amended to read as follows: Sec. 2. Said board shall, at its first regular meeting, which shall be held within fifteen days after their appointment, and annually thereafter, elect from its members a president, secretary, and treasurer. Said board shall meet at least once each year, at Indianapolis, Indiana, and in addition thereto whenever and wherever the president and secretary thereof shall call a meeting; a majority of said board shall at all times constitute a quorum. The treasurer and secretary shall each give bond in the sum of not less than two thousand dollars, with sureties to be approved by the governor, which bond shall be filed with the treasurer of state. The secretary of said board shall keep a full record of the proceedings of said board, which record shall at all reasonable times be open to public inspection.

"Amendment — Examination — Registration Certificates — Fees — Records — Reregistration.

"Sec. 3. That section 2 of the third above entitled act be amended to read as follows: Sec. 2. That section 3 of the

first above entitled act be amended to read as follows: Sec. 3. Every person, except those registered and licensed as optometrists in this state at this time, or those exempted from the provisions of this act, or those excepted from the taking of an examination under the provisions of this act, before beginning the practice of optometry in this state, after the passage of this act, shall pass an examination which shall be given by said Indiana state board of registration and examination in optometry. Any person desiring to be examined by the said board must fill out an application, furnished by the said board, which application must be verified by said applicant, and said applicant must file said verified application with the secretary of said board at least thirty days prior to the holding of the examination, which the applicant is desirous of taking. The applicant shall pay to said board a fee of twenty-five dollars, before taking the examination, and if he shall successfully pass said examination, shall pay to said board a further sum of five dollars on the issuance to him of a certificate. All persons successfully passing such examination, shall be registered in a record, which shall be kept by the secretary of said board, and shall also receive a certificate of such registration to be signed by the president and secretary of said board. Any applicant may at the discretion of said board be registered and given a certificate of registration if he shall present a certified copy of a certificate of registration or license, which has been issued to said applicant by any other state where the requirements for registration shall be deemed, by the unanimous opinion of said board, to be equivalent to the requirements for registration in this state, provided that said applicant has not previously failed at an examination given by the Indiana state board of registration and examination in optometry, and the fee for registering such applicant shall be twenty-five dollars.

"Amendment—Definitions.

"Sec. 4. That section 3 of the third above entitled act be amended to read as follows: Sec. 3. That section 3 of the second above entitled act be amended to read as follows: Sec. 3. That section 4 be amended to read as follows: Sec. 4. The practice of optometry is hereby defined to be any one of the following acts, or any combination of, or part of the following acts:

"Diagnosis.

"(a) The examination or diagnosis of the human eye, to ascertain the presence of abnormal conditions or functions which may be diagnosed, corrected, remedied or relieved, or the application or prescription of lenses, prisms, exercises, or any physical, mechanical, physiological or psychological therapy, or the employment of any means, for the purpose of detecting any diseased or pathological condition of the eye, or the effects of any diseased or pathological condition of the eye, which may have any significance in a complete optometric diagnosis of the eye or its associated structures.

"Examination Through Scientific and Professional Methods and Devices.

"(b) The application, use, or adaption of physical, anatomical, physiological, psychological or any other principles through scientific professional methods and devices, to the examination of the eyes and vision, measuring their function for the purpose of determining the nature and degree of their departure from the normal, if any, and adopting optical, physiological and psych[o]logical measures and/or the furnishing or providing any prosthetic or therapeutic devices for the emendation thereof.

"Application of Act.

"Sec. 5. That section 6 of the first above entitled act be amended to read as follows: Sec. 6 Nothing in this act shall be considered to apply to physicians and surgeons who are authorized to practice medicine, surgery and obstetrics under the laws of the State of Indiana.

"Amendment—Change of Residence— New License—Duty of Clerk.

"Sec. 6. That section 4 of the second above entitled act be amended to read as follows: Sec. 4. That section 10 of the above entitled act be amended to read as follows: Sec. 10. In case of change of residence from one county to another in this state, the holder of an optometrist's license shall obtain a new license in the county where he proposes to reside, by filing with and surrendering to the clerk of the circuit court the license obtained by him in the county in which he last resided, in the same manner as provided for on the presentation of his certificate from the state board of registration and examination in optometry, and the clerk shall issue him a new license, which shall entitle the holder

of said new license to practice optometry under the provisions of this act only in the county in which the new license was so issued, as long as said new license is in full force and effect: Provided, however, That no license so issued shall be so surrendered, and a new license so issued, until a period of at least thirty days has elapsed after the issuance of said license to be so surrendered. It shall be the duty of said clerk to at once notify the state board of registration and examination in optometry of the surrender of said old license, and of the issuance of said new license.

"Amendment—Duty of Clerk—License—Issuance—Form.

"Sec. 7. That section 11 of the first above entitled act be amended to read as follows: Sec. 11. It shall be the duty of the clerk of the circuit court of the county in which an applicant resides or proposes to locate, to issue to the person presenting such certificate or license, as hereinbefore provided, a license, over his official seal, in the following form:

State of Indiana, County of ........., ss: I, .........., clerk of the circuit court of ...... county, in the State of Indiana, do hereby certify that ........ has complied with the laws of Indiana relating to the practice of optometry in the county and state aforesaid.

Witness my hand and seal of said court this .... day of ·......, .... .

· .........., Clerk.

"Said license shall give the right to the holder thereof to practice optometry only in the county in which said license is issued so long as the same is in full force and effect.

"Amendment — Fees — Funds — Disposition of — Expenses — Payment.

"Sec. 8. That section 4 of the third above entitled act be amended to read as follows: Sec. 4. That section 5 of the second above entitled act be amended to read as follows: Sec. 5. That section 15 be amended to read as follows: Sec. 15. Out of the funds coming into possession of said board, each member thereof may receive as compensation, not to exceed the sum of ten dollars for each day actually engaged in the duties of his office and actual expenses incurred in attending the meetings of the board. The secretary and treasurer shall be reimbursed for all necessary expenses incurred while discharging their duties to the board at their homes. Said expenses and all other expenses shall be paid from the fees and assessments received by the board under the provisions of this act, and no part of the salary or other expenses of the board shall ever be paid out of the state treasury. The treasurer shall pay the per diem expenses as provided herein only on the itemized verified statement of the person entitled thereto. Said board is expressly authorized to use any part of said funds available for the purpose of assisting in prosecuting any person violating any of the provisions of this act, or for the purpose of enforcing by legal action, any of the provisions of this act.

"Amendment—Certificates of Registration — Renewal — Blanks — Fees — Revocation.

"Sec. 9. That section 2 of the fourth above entitled act be amended to read as follows: Sec. 2. That section 1 of the second above entitled act be amended to read as follows: Section 1. That section 16 of the above entitled act be amended to read as follows: Sec. 16. Before the first day of January of each year, the secretary of said board shall mail to each optometrist registered in the State of Indiana, a blank application for renewal of his certificate of registration, addressing the same in accordance with the post office address given at the last previous registration, which blank application shall contain spaces for the insertion of his name, office and post office address, date and number of his license, and such other information and questions as the said board may deem necessary, and before the first day of April of said year, he shall fill out said blank, shall sign and forward said statement and application for renewal of his registration certificate to the secretary of the said board, together with a fee of eight dollars. Upon receipt of such application and fee, and upon the same being properly verified by the secretary of said board, the secretary of the said board shall issue a certificate of renewal of registration. Said payment of said renewal fee shall be so made prior to the first day of April in each year, and in the event of the failure to so make said payment by any person, his certificate of registration and/or license may be revoked by said board without further proceedings.

"Amendment — Revocation of License — Grounds — Charges — Procedure — Hearing — Appeals — Bond.

"Sec. 10. That section 5 of the third above entitled act be amended to read as follows: Sec. 5. That section 6 of the second above entitled act be amended to read as follows: Sec. 6. That section 17 be amended to read as follows: Sec. 17. Said board shall have the power to revoke any certificate of registration of any person and/or revoke any license to practice optometry of any person, who has been found guilty of the violation of any of the provisions of this act, or of any of the rules, orders or regulations established and promulgated by the said board, or who has been convicted of a felony, or of a misdemeanor involving moral turptitude, or for gross immorality, or who is found by the board to be grossly incompetent, or who is found by the board to be addicted to the use of intoxicating liquors or drugs or the use of narcotics to such degree as to render him unfit to practice optometry, or who is guilty of unprofessional conduct. The proceedings for revocation of a certificate of registration and/or a license, shall be begun by filing with the secretary of said board, a written statement of a charge or charges against the accused. The charge or charges may be preferred by any person. The said board, when a charge or charges are preferred, shall designate three of their number to hear and determine said charge or charges. A time and place for the hearing of said charge or charges shall be fixed by the members of said board who are to conduct said hearing as soon as convenient, and a copy of said charge or charges, together with a written notice of the time and place when the same will be heard and determined, shall be served at least ten days before the date fixed for said hearing upon the holder, accused or licensee, by leaving a copy thereof at his last and usual place of residence, if a resident of the State of Indiana. If the holder, accused or licensee shall not be a resident of Indiana, or shall have departed from the State of Indiana, then notice of the time and place of such hearing shall be published in a newspaper of general circulation in the county where said licensee or holder of such certificate shall have been last licensed to practice, one time, three weeks prior to such hearing, giving the time and place of such hearing. At least two days before the time of the hearing, the respondent shall file with the secretary of the board his answer to the written charges theretofore served upon him. At such hearing, witnesses may be examined respecting said charge or charges.

The said board or the accused or both shall have the power to require the attendance of witnesses, the production of books, records and papers pertinent to the issues, and for that purpose either or both may require the secretary of the board to issue a subpoena for any witness or a subpoena duces tecum to compel the production of any books, records, papers or documents, directed to the sheriff of the county where such witness resides or is to be found, which shall be served and returned in the same manner as subpoenas in civil cases in the circuit court are served and returned. If any person is subpoenaed to appear before said board and fails to obey said subpoena without reasonable cause, or if any witness upon any hearing before the board shall refuse to be sworn or to be examined or to produce a book, record, paper or document, as ordered by the board, such fact shall be certified by said board to the circuit or superior court or the judge thereof in the county where such witness resides, and he shall be ordered and directed by such court to appear before said board and testify or produce such books, papers, records or documents as are ordered by said board. At said hearing, the accused shall have the right to cross-examine the witnesses against him and to produce witnesses in his defense, and to appear personally and/or by counsel. The said members of said board conducting said hearing shall make a written report of its finding and recommendations, to be signed by all its members and the same shall be forthwith transmitted to the board. If the said members of said board conducting said hearing shall unanimously find that said charges, or any of them, are sustained, and shall unanimously recommend that the certificate of the accused be revoked and/or his license revoked, the board may thereupon revoke said certificate or revoke said license, or do both. If the board shall revoke such certificate and/or license, it shall forthwith transmit to the clerk of the county in which county said accused holds a license to practice optometry, a certificate under its seal, certifying that the certificate of registration, and/or license to practice optometry of the accused has been revoked, and said clerk shall, upon receipt of said certificate, file the same and record the same upon the margin of the record of such license. Where the certificate of registration of any person has been revoked, or his license has been revoked as herein provided, the board may, after the expiration

of one year, entertain an application for a new certificate, in like manner as original applications for certificates are entertained. An appeal may be taken from the action of the board, to the circuit or superior court of the county in which such license was issued, in case of revocation of a license, to the circuit or superior court of the county where the applicant lives, or where he last lived in the event that he has ceased to be a resident of the State of Indiana, in case of revocation of a certificate of registration, upon the licensee or holder filing with the clerk of said court within thirty days from the entering of such order of revocation, a good and sufficient bond in the sum of two hundred dollars, to be approved by said clerk to secure the payment of costs of such appeal, should the appeal be determined against him. It shall thereupon be the duty of such clerk to notify said board of the filing of such bond and said board shall thereupon forward to said clerk the charges, together with a copy of the order of revocation. The clerk shall thereupon docket the same as a cause pending in said court. The charges shall be treated as a complaint. The accused may plead to said charges and issues may be formed thereon as in any civil case, and said case shall be tried de novo by the judge of the circuit or superior court to which said appeal is taken. It shall be the duty of the prosecuting attorney of the circuit in which said county belongs to appear in such cases and represent the board but the board shall have the right to employ attorneys to assist in the prosecution of the charges. The only finding and judgment in such cases shall be 'guilty' or 'not guilty', the same to be rendered separately as to each of the charges. If the finding and judgment of the court be 'not guilty' as to each of said charges, and same shall be by the clerk of said court certified to said board, it shall thereupon make an order setting aside its order of revocation and forward to the clerk of said court a certified copy thereof which shall be entered upon the margin of the record of said license. During the pendency of such appeal, the accused shall not be entitled to practice by virtue of such license. Appeals from the judgment of said court may be prosecuted to the supreme court as in other civil cases either by said board in its own name or by the holder of such license or certificate of registration where the judgment may be against him. No fees other than the fees of its own witnesses shall be taxed against said

board in any event. Where the holder of a license or certificate of registration shall appeal as hereinbefore set out to the circuit or superior court of any county, the cause shall be docketed as Indiana State Board of Registration and Examination in Optometry against .......... (the holder of the license or certificate).

"Supplementary Section—Unprofessional Conduct Further Defined.

"Sec. 11. That there is hereby created and added to the first above entitled act, a supplementary section to be numbered section 17a, which shall read as follows: Sec. 17a. Without limiting the right of said board to determine what acts on the part of a holder of a license to practice optometry constitute unprofessional conduct, as in section 1 of this act provided, the following acts, in addition to any other acts that said board my find to be unprofessional conduct, shall be deemed by said board as unprofessional conduct:

"Fraud.

"(a) The obtaining of any fee by fraud or misrepresentation from any patient or the practice of deception or fraud upon any patient or patients.

"Solicitation.

"(b) The employment of any person to solicit from house to house for the sale of lenses, frames, spectacles or optometric services or examination.

"Employing Unlicensed Optometrist.

"(c) The direct or indirect employment, of an unlicensed optometrist, or an optometrist whose certificate has been revoked for cause, to do anything defined in this act.

"Optometrist Otherwise Designated.

"(d) The use of any other term by a person registered under this act than the term 'optometrist' to designate his calling, vocation or profession except as herein otherwise provided.

"Illegal Advertising.

"(e) For any person to publish, directly or indirectly, or to circulate any fraudulent, false or misleading statements as to the skill or method of practice of any person or of any optometrist, or to advertise in any manner that will tend to deceive, mislead or defraud the public; or to claim professional superiority, or to advertise directly or indirectly, free optometrical services or examinations, as an inducement to the public to procure optometrical ser-

vices; or to advertise directly or indirectly any amount as a fee for the professional services or to advertise any definite amount and/or terms for prosthetic devices, material or materials constituting all or part thereof which may be furnished and supplied to the public.

"Remaining in Employ of Optometrist Operating Illegally.

"(f) The continuance of an optometrist in the employ of, or acting as an assistant to optometrists or any optometrist, either directly or indirectly, after he has full knowledge that such optometrists or optometrist is engaged in violation of the provisions of the laws of Indiana concerning the practice of optometry.

"Taking Employment from Unlicensed Optometrist.

"(g) The direct or indirect acceptance of employment to practice optometry from any person other than one who possesses a valid unrevoked certificate of registration as an optometrist in and for the State of Indiana and who has an actual legal residence within the state.

"Amendment—Unlawful Practice.

"Sec. 12. That section 3 of the fourth above entitled act be amended to read as follows: Sec. 3. That section 18 of the third above entitled act be amended to read as follows: Sec. 18. It shall be unlawful and a violation of the provisions of this act:

"Requirements Before Entering Practice.

"(a) For any person or persons to open an office for the purpose of practicing optometry in this state, or to announce to the public in any way an intention to practice optometry in any county in this state, without first having obtained a certificate of registration from said board and filing the same with the clerk of the circuit court of the county in which he proposes to practice as in this act provided, and without having received a license as in this act provided.

"Unregistered Optometrist—Holding Out as Qualified.

"(b) For any person or persons, except a registered optometrist or optometrists under the provisions of this act whose certificate or certificates of registration have not been revoked or lapsed and who have a valid unrevoked license as in this act provided, to hold himself out by the use of any sign, newspaper, advertisement, pamphlet, circular or any other means as qualified to practice optometry.

"Sale of Ophthalmic Lenses—Possession of Certain Instruments.

"(c) For any person or persons, except registered optometrist or optometrists under the provisions of this act whose certificate or certificates of registration have not been revoked or lapsed and who have a valid unrevoked license as in this act provided, to have possession of any trial lenses, trial frames, graduated test cards or other appliances or instruments used in the practice of optometry for the purpose of rendering assistance to patrons in the selection of spectacles, lenses or eyeglasses, or to sell ophthalmic lenses or to replace broken lenses in spectacles or eyeglasses except upon the prescription of a regularly licensed optometrist, or a physician and surgeon exempted by this act. An ophthalmic lens, within the meaning of this act, is any lens which has a spherical or cylindrical or prismatic power or value and is ground pursuant to a prescription.

"Soliciting Sale of Lenses, Frames, Etc.

"(d) For any person or persons to make a house-to-house canvass, either in person, or through solicitors or agents, for the purpose of selling, advertising, or soliciting the sale of spectacles, eyeglasses, lenses, frames, mountings, eye examinations or optometrical service.

"Practice by Unlicensed Optometrists.

"(e) For any person, not registered under the provisions of this act and not being the possessor of a certificate of registration in force and not lapsed or revoked, or who has not paid the annual renewal fee as in this act provided to be paid, and who does not have a valid unrevoked license as in this act provided, to practice optometry as defined in this act.

"Certain Types of Advertising.

"(f) For any person or persons to publish or circulate, or print or cause to be printed, by any means whatsoever, any advertisement which quotes prices on glasses, lenses or frames or quotes a discount to be offered to the public for the professional services and/or the prosthetic devices, eyeglasses, lenses or frames, to be furnished to the public, or which quotes 'moderate prices,' 'low prices,' 'lowest prices,' 'guaranteed glasses,' 'satisfaction guaranteed,' or words of similar import, or, which advertises any eyeglasses, spectacles, lenses, frames, mountings, or other accessories or

prosthetic devices without specifying the kind, type and quality of the same; or which includes in said advertisement the words 'eye examination free,' 'consultation free,' 'free eyesight test,' 'free sight test,' 'examination without the use of harmful drops or drugs,' or any other words equivalent thereto.

"Unlawful Practice—Action by Board—Injunction.

"Sec. 13. That there is hereby created and added to the first above entitled act, a supplementary section to be numbered 19a, which shall read as follows: Sec. 19a. Whenever it shall appear to the Indiana state board of registration and examination in optometry that any person or persons are engaged in the illegal practice of optometry as defined by this act, or that any person or persons are engaged in the practice of optometry without a certificate of registration and/or a license as required by this act, or that any person or persons are engaged in the practice of optometry in violation of any of the provisions of this act, then said board, may, in addition to any other remedies provided for in this act, bring an action in the name of the State of Indiana, on the relation of said board, against such person or persons, or against any other person or persons heretofore concerned in, or in any way participating in such illegal practice of optometry, as defined by this act, or against any person or persons engaged in the practice of optometry without a license or certificate of registration as required by this act, or against any person or persons engaged in the practice of optometry in violation of any of the provisions of this act, to enjoin such persons or persons, or such other person or persons from continuing the illegal practice of optometry as defined by this act, or from engaging in the practice of optometry without a license or certificate of registration as required by this act, or from engaging in the practice of optometry in violation of any of the provisions of this act, or from doing any other act or acts in furtherance thereof. In said action, a judgment may be entered awarding such injunction as may be proper.

"Amendment—Title to Act.

"Sec. 14. That the title of the first above entitled act be amended to read as follows: An act to define and regulate the practice of optometry, providing for a state board of registration and examination in optometry, and defining its duties and powers, providing for the method of examination of applicants for certificates of registration, providing for the issuance of certificates of registration and licenses to practice and renewals thereof and issuance of certificates of registration by reciprocity, providing for the collection and disposition of fees and dues from optometrists, providing for certain exemptions from the law, providing for the filing of charges for the revocation of certificates of registration and/or licenses, and hearings on the same, providing for the procedure on hearings and appeals, and providing for the revocation of certificates of registration and/or licenses, defining unprofessional conduct and unlawful practices and acts, and providing for rights of injunction and procedure thereon, and defining certain misdemeanors and providing penalties therefor.

"Repeal.

"Sec. 15. That section 5 of the first above entitled act be and the same is hereby repealed, and any laws or parts of laws insofar as they conflict with any provisions of this act, are hereby repealed.

"Validity.

"Sec. 16. If any part or parts of this act shall be found to be unconstitutional, the other parts thereof shall not be affected or impaired."

5. That pursuant to the provisions of the Act hereinbefore set out, the defendant, Indiana State Board of Registration and Examination in Optometry, notified the optometrists in the employ of the complainant herein to sever their employment with the complainants, and said optometrists have done so; that the Indiana State Board of Registration and Examination in Optometry threatened to revoke the licenses of said optometrists if they continued in the employment of the complainants, and because of said threat said optometrists have so severed their employment with the complainants; that said Indiana State Board of Registration and Examination in Optometry has advised the newspapers in the several cities in the State of Indiana in which complainants do business to refrain from accepting advertising copy with prices quoted therein of the complainants, advising said newspapers of the provisions of the statute hereinbefore set out; that pursuant to said notice, the newspapers in the several cities in the State of Indiana refused to accept the advertisements of the complainants quoting the price of glasses, and in other instances refused to accept

advertising copy of any kind from the complainants; that it was not until a restraining order was issued by this court on the 13th day of November, 1936, that the newspapers in the several cities in the State of Indiana accepted advertising copy of the complainants; that the complainants have invested money in excess of $3,000 in the building up and conducting of said business, and by reason of the advertising of prices and the satisfaction given the customer pursuant to said advertising have built up their business in the State of Indiana in large proportion; that unless this temporary restraining order is made permanent, the refusal of the newspapers to accept price advertising, and in some instances advertising of any type, will result in a total destruction of complainants' business in the State of Indiana, and that the damages which complainants will suffer are not subject to accurate and correct computation.

### Conclusions of Law.

Upon the foregoing facts, the court states its conclusions of law as follows:

1. That subsection (e) of Section 11, and subsections (c), (d) and (f) of Section 12 of Chapter 38 of the Acts of the General Assembly of Indiana of 1935 are each constitutional and valid, and that said subsections are not, nor are any of them, in conflict with Section 19 of Article IV of the Constitution of the State of Indiana.

2. That subsections (a), (b), (c), (d), (e) and (i) of Section 1, and Section 11, of Chapter 38 of the Acts of the General Assembly of Indiana of 1935 are each constitutional and valid, and that said subsections and section are not, nor are any of them in conflict with either Section 1 of Article IV, Section 23 of Article I or Section 23 of Article IV of the Constitution of the State of Indiana.

3. That subsection (a) of Section 1, Section 10, and Section 13, of Chapter 38 of the Acts of the General Assembly of Indiana of 1935, are each constitutional and valid and that said subsection and sections are not, nor are any of them, in conflict with Section 1 of Article VII of the Constitution of the State of Indiana.

4. That subsections (a), (b), (c), (e) and (g) of Section 1, Section 10, subsections (e), (f) and (g) of Section 11, subsections (a), (b), (c), (d), and (f) of Section 12 and Section 13 of Chapter 38 of the Acts of the General Assembly of Indiana of 1935 are each constitutional and valid and that said subsections and sections are not, nor are any of them, in conflict with either the Fourteenth Amendment to the Constitution of the United States of America, or Section 23 of Article I or Section 12 of Article I of the Constitution of Indiana.

5. That subsection (g) of Section 1, of Chapter 38 of the Acts of the General Assembly of Indiana of 1935 is constitutional and valid and that said subsection is not in conflict with either the Fourth Amendment to the Constitution of the United States or Section 11 of Article I of the Constitution of the State of Indiana.

7. That subsections (e) and (g) of Section 11, and subsections (a), (b), (c), (d), (e) and (f) of Section 12, and Section 13 of Chapter 38 of the Acts of the General Assembly of Indiana of 1935 are each constitutional and valid and that said subsections and section, are not, nor are any of them, in conflict with Clause 3 of Section 8 of Article I of the Constitution of the United States.

8. That subsections (a) and (b) of Section 4 of Chapter 38 of the Acts of the General Assembly of Indiana of 1935, are each constitutional and valid and that said subsections are not, nor are any of them, in conflict with Section 19 of Article IV of the Constitution of the State of Indiana.

9. That the amended bill of complaint herein does not state a cause of action entitling the complainants to relief in equity.

10. That the defendants are entitled to a judgment against the complainants dismissing said amended bill of complaint for want of equity.