370 P.2d 811

### NEW MEXICO BOARD OF EXAMINERS IN OPTOMETRY, Plaintiff-Appellee,

v.

**Abner ROBERTS; Agnes K. Head, d/b/a Lea County Publishing Co.; Permian Basin Radio Corporation; and KWEW, Inc., Defendants-Appellants.**

**No. 7001.**

Supreme Court of New Mexico.

April 11, 1962.

L. George Schubert, Hobbs, for appellants Agnes K. Head and KWEW, Inc.

Williams, Johnson & Houston, Hobbs, for appellant Permian Basin Radio Corp.

Earl E. Hartley, Atty. Gen., Santa Fe, Robert F. Pyatt, Sp. Asst. Atty. Gen., Hobbs, for appellee.

COMPTON, Chief Justice.

This is an appeal from a final decree perpetually enjoining and restraining defendants Agnes K. Head, d/b/a Lea County Publishing Company, publisher of the newspaper Hobbs Flare; Permian Basin Radio Corporation, owner and operator of radio Station KHOB; and KWEW, Inc., owner and operator of radio station KWEW, all of Hobbs, New Mexico, from accepting, disseminating and publishing within the State of New Mexico advertising of any nature from defendant, Abner Roberts, a resident of Texas, which quotes prices or terms on eye glasses, spectacles, lenses, frames, or mountings, or quotes discounts to be offered on same, or which quotes moderate prices, or words of similar import, as prohibited by the provisions of § 67–7–13, N.M.S.A.1953.

The trial court found that the defendants, other than Roberts, in publishing the advertising, were aiding and abetting in and encouraging the violation of this section of the statute and that enjoining them from so doing does not offend either the Constitution of the United States or the Constitution of New Mexico.

The pertinent portions of the statute read as follows:

"67–7–13. Offenses — Penalties. — Each of the following acts on the part of any person shall constitute a misdemeanor and shall be punished by a fine of not less than $50.00 nor more than $200.00 or imprisonment in the county jail for not less than 30 days nor more than six (6) months, or both such fine

and imprisonment for the first offense, and for a second offense a fine of not less than $200.00 nor more than $500.00, or imprisonment in the county jail for not less than 90 days nor more than one (1) year, or both such fine and imprisonment. All fines thus received shall be paid into the common school fund of the county in which such conviction takes place.

\*       \*       \*       \*       \*       \*

"(m) Advertising by any means whatsoever the quotation of any prices or terms on eyeglasses, spectacles, lenses, frames or mountings or which quotes discount to be offered on eyeglasses, spectacles, lenses, frames or mountings or which quotes 'moderate prices,' 'low prices,' 'lowest prices,' 'guaranteed glasses,' 'satisfaction guaranteed,' or words of similar import."

Abner Roberts, a defendant below but not a party to this appeal, resides and practices optometry in Gaines County, Texas, located approximately 4 miles east of Hobbs, New Mexico, and in the trade area served by the news media of the other defendants who are the appellants here and who have their principal places of business in Hobbs, New Mexico. Roberts placed his advertisements with them by telephone.

It is conceded by appellants on this appeal that if Roberts were a resident of, or practicing optometry in, New Mexico the above statute would be applicable to and enforceable against him. But it is appellants' contention that because they are engaged in interstate commerce the statute upon which this action is based constitutes an obstruction on such commerce by restraining them from engaging in interstate commerce with a citizen of Texas lawfully practicing optometry in Texas and that, therefore, (1) the statute in question violates the provisions of Article I, Section 8, Paragraph 3 of the Constitution of the United States relating to interstate commerce; and (2) that it is an unreasonable infringement of personal property rights, an unwarranted oppressive interference with the liberty of contract and violates the Fourteenth Amendment of the Constitution of the United States and Article II, Section 18 of the Constitution of New Mexico.

It is the contention of the appellee, on the other hand, that the regulation of interstate commerce is not involved in this action since the New Mexico statute as well as the decree of the court below seek only to control conduct in New Mexico in the legitimate exercise of its police power.

In support of appellants' first contention that this statute violates the commerce clause in its application to them, appellants have cited cases which define interstate commerce and conclude that newspapers with circulation in other states, and radio stations whose programs are received in other states, are engaged in interstate commerce.

We have no quarrel with the decisions in these cases insofar as they deal with the prohibition by a state of *all* advertising relating to a commodity moving in interstate commerce into its state from another state for legal sale in its original package, or with direct burdens on, or direct interference with, the publication and circulation of newspapers in interstate commerce or the privilege of doing business in interstate commerce, or with state statutes which conflict with federal legislation where Congress has fully occupied the field. But appellants have brought to our attention no authority for the proposition that persons engaged in interstate commerce are under no circumstances subject to valid legislation of the state in which they are doing business enacted in the exercise of its police power for the health and welfare of its citizens.

The Legislature of New Mexico enacted Section 67–7–13, supra, to protect its citizens against the evils of price-advertising methods tending to satisfy the needs of their pocketbooks rather than the remedial requirements of their eyes. That this is a valid exercise of the police power of the state is not questioned in this action and, in view of the decisions cited by appellee upholding the constitutionality of similar statutes in other states, we do not think it can be. Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563; Ritholz v. Indiana State Board of Registration and Examination in Optometry (U.S.D.C.N.D.Ind.), 45 F.Supp. 423; Abelson's Inc. v. New Jersey State Board of Optometrists, 5 N.J. 412, 75 A.2d 867, 22 A.L.R.2d 929; City of Springfield v. Hurst, 144 Ohio St. 49; 56 N.E.2d 185; Commonwealth v. Ferris, 305 Mass. 233, 25 N.E.2d 378; Ritholz v. Commonwealth, 184 Va. 339, 35 S.E.2d 210; Seifert v. Buhl Optical Company, 276 Mich. 692, 268 N.W. 784; State v. Rones, 223 La. 839, 67 So.2d 99 and Bedno v. Fast, 6 Wis.2d 471, 95 N.W. 2d 396.

■ Article I, Section 8 of the Constitution of the United States delegates to Congress the authority to regulate interstate commerce. And it is settled that newspapers and radio stations are instrumentalities of interstate commerce within the meaning of that provision. It is nevertheless established that the states are not wholly precluded from exercising their police power in matters of local concern even though they may thereby indirectly affect interstate commerce. Kroeger v. Stahl, (C.C.A. 3rd Cir.), 248 F.2d 121; Huron Portland Cement Company v. City of Detroit, 362 U.S. 440, 80 S.Ct. 813, 4 L.Ed.2d 852; Simpson v. Shepard, 230 U.S. 352, 33 S.Ct. 729, 57 L.Ed. 1511, and Florida Lime & Avocado Growers, Inc. v. Paul, (D.C.N.D.Cal.) 197 F.Supp. 780. This police power extends to the right of the state to regulate trade and callings concerning public health. Polhe-

mus v. American Medical Association, (C. C.A. 10th Cir.), 145 F.2d 357.

■ It is clear that state action affecting interstate commerce is precluded in three types of situations: (1) where state action directly burdens interstate commerce; (2) where state action conflicts with federal regulations; and (3) where Congress has evidenced an intent to completely pre-empt the area of regulation involved. Western Live Stock v. Bureau of Revenue, 41 N.M. 141, 65 P.2d 863; Kelly v. State of Washington, 302 U.S. 1, 58 S.Ct. 87, 82 L.Ed. 3; Central Illinois Public Service Co. v. Illinois Commerce Commission, 18 Ill.2d 506, 165 N.E.2d 322; and Pennsylvania R. Co. v. Department of Public Utility Com'rs., 14 N.J. 411, 102 A.2d 618.

■ The issues presented in this case, therefore, are: (1) Has the prohibition in Section 67–7–13(m), supra, against price-advertising in New Mexico in the field of optometry, as a valid exercise of the police power of the state, been superseded by federal legislation relating to advertising in interstate commerce with which it is in conflict, and (2) if Congress has not pre-empted the field of interstate advertising in the optometric field, does the enjoining of appellants from accepting and disseminating price-advertising in New Mexico from a non-resident obstruct or directly interfere with interstate commerce?

With respect to (1) above, the Federal Trade Commission Act, Title 15, Section 52, U.S.C.A., prohibits the dissemination, or causing to be disseminated, of any *false* advertising in interstate commerce, either directly or indirectly to induce, or which is likely to induce, the purchase of foods, drugs, devices or cosmetics. In holding that this is not a pre-emption by Congress of the entire field of advertising in interstate commerce so as to preclude this state from exercising its police power for a matter of local health protection, we adopt the holding in Bedno v. Fast, supra, wherein the court in dealing with this same question, at least insofar as newspaper advertising is concerned, said:

" * * * A reading of the statute [15 U.S.C.A. Sec. 52] will show that it prohibits only *false* advertising as an unfair or deceptive act in commerce. Congress has not seen fit to include within the scope of federal legislation the dissemination of truthful advertising. Thus, the federal act does not cover the subject matter of sec. 153.10; Stats. [Wisconsin statutes similar to that of New Mexico] and does not by preemption preclude the state from so exercising its police power. * * *"

With respect to radio broadcasting, Congress has occupied the field by virtue of the Federal Communications Act of 1934. Regents of New Mexico v. Albuquerque

Broadcasting Company, (C.C.A. 10th Cir.), 158 F.2d 900. The express underlying purpose of this Act is to protect the public interest in interstate communication. Section 303 of Title 47 U.S.C.A. gives the Commission authority to suspend the license of any operator who transmits communications containing profane or obscene words, language, or meaning, or false or deceptive signals or communications. Section 1464, Title 18, U.S.C.A. provides for the fining and imprisonment of any person who utters any indecent, obscene or profane language by means of radio communication. These are the federal provisions with which the Pennsylvania statute was in conflict in the case of Allen B. Dumont Laboratories v. Carroll, (C.C.A.Pa.), 184 F.2d 153 cited by appellants. We find no such conflict in the case before us. The Federal Communications Act does not attempt to regulate truthful advertising by radio in interstate commerce.

In Kelly v. State of Washington, 302 U.S. 1, 58 S.Ct. 87, 82 L.Ed. 3, the court stated:

"* * * The principal is thoroughly established that the exercise by the state of its police power, which would be valid if not superseded by federal action, is superseded only wherein the repugnance or conflict is so 'direct and positive' that the two acts cannot 'be reconciled or consistently stand together.'"

The intention to supersede the exercise by the state of its police powers as to matters not covered by federal legislation is not to be implied unless the Act of Congress, fairly interpreted, is in conflict with the law of the state. In other words, the intention of Congress to regulate exclusively under the commerce clause will not be implied unless the federal measure is plainly inconsistent with state regulation of the same subject. Savage v. Jones, 225 U.S. 501, 32 S.Ct. 715, 56 L.Ed. 1182; Atlantic Coast Line Railroad Company v. Georgia, 234 U.S. 280, 34 S.Ct. 829, 58 L.Ed. 1312; Carey v. South Dakota, 250 U.S. 118, 39 S.Ct. 403, 63 L.Ed. 886; Atchison, Topeka & Santa Fe Railway Company v. Railroad Commission of California, 283 U.S. 380, 51 S.Ct. 553, 75 L.Ed. 1128; Mintz v. Baldwin, 289 U.S. 346, 53 S.Ct. 611, 77 L.Ed. 1245.

Congress, in enacting legislation within its constitutional authority over interstate commerce, will not be deemed to have intended to strike down a state statute designed to protect the health and safety of the public unless its purpose to do so is clearly manifested, or unless the state law, in terms or in its practical administration, conflicts with the Act of Congress, or plainly and palpably infringes its policy. Southern Pacific Company v. Arizona, 325 U.S. 761, 65 S.Ct. 1515, 89 L.Ed. 1915; Aladdin Industries, Inc. v. Associated Transport, Inc., 42 Tenn.App. 52, 298 S.W.2d 770.

■ Finding no pre-emption by Congress of the entire field of advertising in interstate commerce, and no conflict between federal legislation relating to false advertising, or to false or deceptive communications and our statute seeking to regulate truthful advertising as a health and welfare measure, we must determine whether Section 67–7–13 constitutes an obstruction on or direct interference with interstate commerce in violation of the federal constitution as contended by appellants.

As we construe Section 67–7–13, it contains no restrictions directed toward the regulation of interstate commerce. It does not prohibit the publication and circulation of appellants' newspaper in interstate commerce. It does not prohibit or exclude the news media in this state from accepting advertising from citizens of other states for publication here and circulation in interstate commerce. It does not prohibit the advertising of optometric goods either in this state or in interstate commerce. It merely places a restriction, in the exercise of its police power, on the manner in which advertising in the field of optometry can be done within this state alone by "any person" and "by any means." Enjoining appellants from accepting and disseminating price-advertising by their news media in New Mexico for the benefit of a local business in Gaines County, Texas, does not affect the free flow of interstate commerce with respect to proper subjects of that commerce, or contracts for the dissemination of national or foreign news and information regarding proper subjects of commerce, as defined in the cases cited by appellants. We are in agreement with the line of reasoning expressed in State v. J. P. Bass Publishing Company, 104 Me. 288, 71 A. 894, 20 L.R.A.,N.S., 495, a state in which the sale or keeping for sale of intoxicating liquor was illegal, which involved a valid exercise of the police power prohibiting the advertising within the state of liquor sold or kept for sale without the state. The court said:

> " * * * If the state cannot wholly prevent the mischief of such advertisements by excluding from the state all newspapers containing them wherever published, it may yet prevent such increase and spread of the mischief as would result from such advertisements being printed in newspapers published within the state. It may to that extent control the conduct of printers and publishers within its own territory. * * *"

■ Having determined that Section 67–7–13(m) does not constitute an obstruction on interstate commerce, we come to appellants' second contention that the statute is an unreasonable infringement of personal property rights and an unwarranted oppressive interference with their liberty of contract in violation of the Constitutions of the United States and of New Mexico. In

support thereof, appellants rely on the case of Little v. Smith, 124 Kan. 237, 257 P. 959, 57 A.L.R. 100, in which a statute prohibited the advertising of items legally for sale within the state. It seems clear to this court that the case is not in point since we are not dealing here with the prohibition of advertising but a reasonable police regulation of the manner in which the advertising can be done in this state. Appellants quote from Little v. Smith, as follows:

> " * * * A statute restraining the liberties and property rights of citizens cannot be upheld unless it has real relation to its object and the regulation reasonably adapted to accomplish the end sought to be attained. * * * "

The court in that case found the absolute prohibition to be discriminatory, but we think there can be no question but that the valid exercise of the police power in this case has a real relation to the objects sought to be attained. As has been held by this court in Green v. Town of Gallup, 46 N.M. 71, 120 P.2d 619, and Mitchell v. City of Roswell, 45 N.M. 92, 111 P.2d 41, property and property rights are held subject to the fair exercise of the police power and a rea-sonable regulation enacted for the benefit of public health, convenience, safety or general welfare is not unconstitutional "taking of property" in violation of the contract clause, "due process" clause or "equal protection" clause of the Federal Constitution. Nor would it violate any constitutional rights guaranteed by the Constitution of New Mexico. See Klein v. Department of Registration and Education, 412 Ill. 75, 105 N.E. 2d 758.

We conclude as did the trial court, enjoining the appellants from aiding and abetting a non-resident in the violation of a law of New Mexico is as essential to the administration of the provisions of our statutes relating to the practice of optometry for the health and welfare of our citizens as would be the prosecution of a resident optometrist for the same offense.

The judgment should be affirmed. It is so ordered.

CARMODY, CHAVEZ and NOBLE, JJ., concur.

MOISE, J., not participating.