Liquor Advertising — State Newspapers A newspaper published in Oklahoma which may have circulation both inside and outside the state may not accept advertisements of alcoholic beverages although a newspaper published outside of Oklahoma which has circulation in Oklahoma may accept advertisements of alcoholic beverages and an Oklahoma publisher may accept alcoholic beverage advertisements for newspaper issues not circulated within Oklahoma. The Attorney General has had under consideration your letter of January 24, 1968, requesting an opinion on the following question: May a newspaper published either in Oklahoma or an adjacent state that has a natural circulation encompassing Oklahoma and surrounding states accept liquor advertising? The Oklahoma Constitution, Article XXVII, Section 5 prohibits the advertising of the sale of alcoholic beverages. Attorney General Opinion No. 67-222 held this constitutional prohibition included all advertising of alcoholic beverages. The question presented in this inquiry involves the effect of this prohibition on interstate commerce. In De Joris v. Lee, Fla., 151 So.2d 830, the court held that a statute prohibiting solicitation for sale of alcoholic beverage was clearly within the power of the Legislature to enact in exercise of its police power, was not discriminatory, and did not place undue burden on interstate commerce, constitute deprivation of property without due process of law, or impair obligation of contract. While there may be distinctions between "advertising" and "soliciting," there is a sufficient similarity to afford a comparison to the instant inquiry especially since the Oklahoma Supreme Court in State v. State Capitol Company, 24 Okl. 252,103 P. 1021, involving newspaper liquor advertisements held that "advertising is really soliciting." In New Mexico Board of Examiners v. Roberts, Head, et al., 70 N.M. 90,370 P.2d 811, the court held that a state statute prohibiting price advertising in the field of optometry did not conflict with federal legislation relating to advertising nor did it unconstitutionally burden interstate commerce. In this case New Mexico enjoined a resident newspaper and radio stations which had considerable circulation and coverage in the adjoining state of Texas from disseminating and advertising submitted by an optometrist residing in Texas. The court held: "Article 1, Section 8 of the Constitution of the United States delegates to Congress the authority to regulate interstate commerce. And it is settled that newspapers and radio stations are instrumentalities of interstate commerce within the meaning of that provision. It is nevertheless established that the states are not wholly precluded from exercising their police power in matters of local concern even though they may thereby indirectly affect interstate commerce." "It is clear that state action affecting interstate commerce is precluded in three types of situations: (1) where state action directly burdens interstate commerce; (2) where state action conflicts with federal regulations; and (3) where Congress has evidenced an intent to completely pre-empt the area of regulation involved." The court in New Mexico Board of Examiners v. Roberts, Head, et al, supra, in concluding there was no unconstitutional burden on interstate commerce quoted from Kelly v. State of Washington, 302 U.S. 1,58 S.Ct. 87, 82 L.Ed. 3, as follows: " '. . . The principal is thoroughly established that the exercise by the state of its police power, which would be valid if not superseded by federal action, is superseded only wherein the repugnance or conflict is so "direct and positive" that the two acts cannot "be reconciled or consistently stand together." ' " In Head v. Board of Examiners,374 U.S. 424, 83 S.Ct. 1759, 10 L.Ed.2d 983, the United States Supreme Court affirmed the New Mexico Supreme Court decision in New Mexico Board of Examiners v. Roberts, Head, et al., supra. In its opinion the United States Supreme Court held: "Without doubt, the appellants' radio station and newspaper are engaged in interstate commerce, and the injunction in this case has unquestionably imposed some restraint upon that commerce. But these facts alone do not add up to an unconstitutional burden on interstate commerce. As we said in Huron Portland Cement Co. v. Detriot, 362 U.S. 440, 4 L.Ed.2d 852, 80 S.Ct. 813, 78 ALR 2d 1294, . . . `the Constitution when "conferring upon Congress the regulation of commerce, . . . never intended to cut the States off from legislating on all subjects relating to the health, life and safety of their citizens, though the legislation might indirectly affect the commerce of the country.'" "A state law may not be struck down on the mere showing that its administration affects interstate commerce in some way. `State regulation, based on the police power, which does not discriminate against interstate commerce or operate to disrupt its required uniformity, may constitutionally stand.' Huron Portland Cement Co. v. Detriot, supra (362 US at 448)." Thus, a state may prohibit certain advertising in a newspaper published within the state although the newspaper has circulation outside the state. In Sunbeam Corporation v. Wentling, 185 F.2d 903 (3d Cir. 1950), the court held that the Pennsylvania Fair Trade Act applied only to intrastate sales and did not apply ". . . to advertisements in publications published in other states." The court in Sunbeam Corporation v. Wentling, supra, cited Max Factor and Company v. Kunsman, 5 Cal.2d 446, 55 P.2d 177, which construed the California Fair Trade Act "as applying only to transactions within the state, that being the sole territorial extent of the legislature's powers." In Post Printing and Publishing Company v. Brewster, 246 Fed. 321
(Kan D.C. 1917), the court held a Kansas statute prohibiting cigarette advertisements inapplicable to a Missouri published newspaper which had a wide circulation in Kansas. State v. State Capitol Company, supra, held that Oklahoma may lawfully prohibit the advertising within the state of intoxicating liquors sold or kept for sale without the state. In its opinion the Oklahoma Supreme Court quoted with approval State v. J.P. Bass Publishing Company, 104 Me. 288, 71 A. 894: "If the state cannot wholly prevent the mischief of such advertisements by excluding from the state all newspapers containing them wherever published, it may yet prevent such increase and spread of the mischief as would result from such advertisements being printed in newspapers published within the state. It may to that extent control the conduct of printers and publishers within its own territory." Accordingly, Oklahoma may regulate alcoholic beverage advertisements only of newspapers published in Oklahoma and may not so regulate such advertisements in newspapers published outside of Oklahoma. Therefore, it is the opinion of the Attorney General that a newspaper published in Oklahoma which may have circulation both inside and outside the state may not accept advertisements of alcoholic beverages although a newspaper published outside of Oklahoma which has circulation in Oklahoma may accept advertisements of alcoholic beverages and an Oklahoma publisher may accept alcoholic beverage advertisements for newspaper issues not circulated within Oklahoma. (Penn Lerblance) ** SEE: OPINION NO. 76-348 (1976) **